NO. 07-00-0187-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 16, 2000

______________________________

JASON JEROME WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 242
ND
 DISTRICT COURT OF SWISHER COUNTY;

NO. B-3356-9907-CR; HONORABLE EDWARD L. SELF, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Jason Jerome Williams was convicted by a jury of four separate offenses, which were consolidated for trial, for delivery of a controlled substance, cocaine, more than one gram, but less than four grams.
(footnote: 1)  In this particular case, appellant was sentenced to eight years confinement, and a fine of $2,000, for delivery of a controlled substance.  In presenting this appeal, counsel has filed an 
Anders
 brief in support of a motion to withdraw.  Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  The State did not favor us with a brief. 
 Based upon the rationale expressed herein, the motion to withdraw is granted and we affirm the judgment of the trial court.

In 1998 and 1999, as part of an undercover operation
 of the Panhandle Regional Narcotics Drug Task Force
, Thomas R. Coleman was assigned the duty of purchasing narcotics in Swisher County under the supervision of Sergeant Jerry Massengill and Lieutenant Mike Amos.
  Coleman first met appellant on September 3, 1998, while working undercover in Tulia.  On that occasion, appellant asked Coleman if he was looking for anything (meaning narcotics) and appellant stated to Coleman, “I can fix you up.”  Coleman then proceeded to purchase an “eight-ball” of cocaine from appellant for $175.
(footnote: 2)  
After this first transaction, appellant again sold an “eight-ball” of cocaine to Coleman for $110 on April 19, 1999
.  Coleman next saw appellant at Allsup’s Convenience Store on 2
nd
 Street in Tulia on April 22, 1999.  After appellant asked Coleman if he was “looking to get hooked up,” Coleman again purchased cocaine from appellant, this time for $160.  Immediately after this purchase, appellant walked across the street to Conner Park, a public park and playground.  Coleman’s next encounter with appellant was on May 5, 1999, again across the street from Conner Park where he paid $170 for another “eight-ball” of cocaine.  These four separate “buys” made by Coleman led to appellant’s conviction of four separate delivery offenses.

Before addressing the merits of appellant’s case, we first discuss our obligations concerning the accompanying 
Anders
 brief.  Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988).  In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 137-38 (Tex.Cr.App. 1969), he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Thus, he concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. 

Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a 
pro se
 brief if he so desires.  Appellant has failed to file a 
pro se
 brief in response to his counsel’s 
Anders
 brief and the time for filing such a brief having elapsed, we will independently review the entire record and determine whether there are arguable grounds for appeal.  
See
 Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed 2d 300 (1988)
; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).

By the 
Anders
 brief, appellant’s counsel raises two arguable grounds for appeal, but concedes that no reversible error is presented.  Counsel contends (1) the State withheld discovery material that it was required to disclose under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194,
 10 L.E.2d 215 (1963), and (2) impermissible bolstering of Coleman’s credibility occurred through the testimony of three other State witnesses.  

By his Motion for Production of Evidence Favorable to the Accused, appellant  specifically requested the State to produce any exculpatory evidence pursuant to the 
Brady
 decision.  In 
Brady
, the United States Supreme Court held that the prosecution must give the defendant any evidence it possesses that is favorable to the defendant and material to guilt or punishment.  
Id.
  Impeachment evidence, as well as exculpatory evidence, is included within the scope of the 
Brady
 rule.  
See
 U.S. v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).  
Evidence withheld by a prosecutor is "material" if there is "a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different."  
Id.
 at 682
.  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome."  
Id.
 Thus, a due process violation has occurred if a prosecutor: (1) fails to disclose evidence, (2) favorable to the accused, (3) which creates a probability of a different outcome.  
See
 Thomas v. State, 841 S.W.2d 399, 404 (Tex.Cr.App. 1992).

Counsel argues here that impeachment evidence, concerning a prior information filed against Coleman for abuse of official capacity (a class B misdemeanor), should have been disclosed under 
Brady
.  However, this information was dismissed on August 17, 1998, over two weeks before Coleman’s first contact with appellant.  Further, 
Brady
 only requires the production of material evidence
 and a dismissed criminal charge is not material evidence.  
See Brady
, 373 U.S. at 87. 

Counsel also argues that impermissible bolstering of Coleman’s credibility occurred through the testimony of Sergeant Massengill, Lieutenant Mike Amos, and Sheriff Larry Stewart.  Bolstering occurs when evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party.  
Rousseau v. State, 855 S.W.2d 666, 681 (Tex.Cr.App. 1993).  Bolstering also occurs when the testimony's sole purpose is to enhance the credibility of another witness, without adding anything to the proof of a relevant fact.  Cohn v. State, 849 S.W.2d 817, 819 (Tex.Cr.App. 1993).  

Even if the challenged testimony constituted impermissible bolstering, a question we need not decide, there was no bolstering objection to the testimony of any of these three witnesses.  The trial judge did not have an opportunity to rule on that legal theory, and the State did not have an opportunity to offer evidence and argue against it.  Lankston v. State, 827 S.W.2d 907, 909 (Tex.Cr.App. 1992); Purtell v. State, 761 S.W.2d 360, 365-66 (Tex.Cr.App. 1988), 
cert. denied
, 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989).  Thus, nothing is presented for our review by the argument that the testimony of these three witnesses constituted impermissible bolstering.
  

We have also made an independent examination of the entire record to determine whether there are any arguable grounds that might support this appeal.  
See
 
Penson
, 488 U.S. at 80; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991).  We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous.  Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).  

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.  

Don H. Reavis

     Justice

Do not publish.

FOOTNOTES
1:
The weight of cocaine delivered for each offense was 2.3 grams, 2.49 grams, 3.49 grams, and 2.29 grams respectively.

2:
An “eight-ball” of cocaine is approximately 3.5 grams.