**Michael Wayne COHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–89–1057–CR, B14–89–1058–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1991.

Discretionary Review Granted May 8, 1991.

Allen C. Isbell, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

A jury convicted appellant of indecency with a child and injury to a child. The jury assessed punishment at eight years confinement for each of the two charges of indecency with a child, and five years confinement for injury to a child. In five points of error, appellant challenges the trial court's rulings on voir dire and the testimony of an expert witness. We affirm the judgment.

Appellant's first three points address alleged error in the trial court's rulings during voir dire. The right to be represented by counsel includes counsel's right to question the members of the jury panel to intelligently exercise peremptory challenges. *Mathis v. State*, 167 Tex.Crim. 627, 322 S.W.2d 629, 631 (1959). Although a trial court is given wide discretion to control the voir dire, the permissible areas of questioning are broad and cannot be unnecessarily limited. *Id.* at 635, 322 S.W.2d 629. A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Allridge v. State*, 762 S.W.2d 146, 163 (Tex.Crim.App. 1988). A trial court abuses its discretion if it prevents the defendant's attorney from asking a proper question on voir dire. *Shipley v. State*, 790 S.W.2d 604, 608 (Tex. Crim.App.1990) (citing *Allridge*, 762 S.W.2d at 163).

Appellant's first point of error complains of the trial court's ruling sustaining the objection to the following question:

[Defense Counsel]: So the fact that somebody has perceived something in the

home through either radio, VCR, cable television, the songs that children listen to today, Playboy Magazine, Hustler Magazine; the fact that they hadn't done it yet, does that mean that they can't lie about it?

Despite the trial court's ruling on this question, the record establishes that appellant's counsel was allowed to explore, at length, the potential jurors' attitudes concerning whether the children/complainants were capable of lying or of separating fact from fantasy. Since trial counsel was permitted to elicit information from which he could intelligently exercise appellant's peremptory strikes, no error was involved.

■ Appellant's second point concerns the following exchange:

[Defense Counsel]: I want to address one thing here and that was this morning we were all sitting here and there were some folks over here in the box and these folks are all the people, and the complaining witnesses and now they're not here but the fact that they were there and watching you all, does anybody have any problem with that or does anybody think that's going to put any undue pressure—

[Prosecutor]: Object [y]our [h]onor. These are witnesses to the case. That's an improper question to be asking these jurors.

The Court: Do you wnat [sic] to speak to that?

[Defense Counsel]: Yes, ma'am.

[Prosecutor]: At the bench.

(BENCH CONFERENCE CONDUCTED OUT OF THE PRESENCE AND HEARING OF THE JURY.)

[Prosecutor]: Your [h]onor, I'll object to the questions because the witnesses has [sic] as much right to be in here as anyone else. And, I would object to him trying to pin the jury down.

[Defense Counsel]: Your honor, it's a display of the affection and what's going on and their father rocking the son.

The Court: Keep your voice down. Yes, they're no longer in the courtroom and wasn't improper voir dire. [sic] It's a

totally improper question and I don't think you want to go into that.

[Defense Counsel]: Yes, ma'am.

(BACK ON THE RECORD)

The trial court was within its discretion to prevent defense counsel from specifically tying his questions to the presence of the complaining witnesses in the courtroom. The trial court did not prohibit appellant's counsel from asking questions to determine whether any member of the panel might be biased simply by because the complaining witnesses were small children, or that their parents naturally displayed affection toward them. Defense counsel apparently chose not to pursue that area of inquiry. Accordingly, no error occurred.

■ Appellant next complains of the court's ruling on the objections to this question:

[Defense Counsel]: Has anybody recently read or heard on radio or tv any kind of case of sexual molestation of children?

The prosecutor objected to question as improper, and the trial court sustained the objection. The defense counsel then immediately rephrased the question and asked the panel, "[d]oes anybody have any knowledge of a case at the present time going on that would influence you as a juror in your verdict of being fair, concerning a case going on right now that impressed or just read about? [sic]" No one on the panel indicated that they had. Appellant's counsel was not forced to proceed without information necessary to intelligently exercise the peremptory strikes. Appellant's first three points of error are overruled.

■ In his fourth and fifth points of error, appellant contends the trial court erred in admitting the testimony of Dr. Bradee Roy, the state's psychological expert. Dr. Roy explained the behavioral characteristics typically exhibited by victims of sexual abuse, and described the behavior he had observed in the complaining witnesses. Appellant complains that the testimony was improper, because it implied that he believed the complainants were telling the truth.

Texas Rule of Criminal Evidence 702 allows opinion testimony of experts, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue...." Additionally, testimony in the form of an opinion or inference, otherwise admissible, is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. TEX.R.CRIM. EVID. 704.

The Court of Criminal Appeals addressed the admissibility of expert testimony concerning sexual abuse in *Duckett v. State*, 797 S.W.2d 906 (Tex.Crim.App.1990). The court noted that "expert testimony by its very nature may tend to show another witness either is or is not telling the truth[;] [t]hat fact does not alone render such testimony inadmissible." *Id.* at 914. The test for admissibility is whether the expert's testimony, if believed, will assist the untrained layman as trier of fact in understanding the evidence or determining a fact in issue. *Id.*

In *Duckett* the court held expert testimony such as Dr. Roy's was admissible:

The content of the knowledge at issue concerns various so called elements or phases of what may be termed 'Child Sexual Abuse Syndrome'.... Child abuse, especially of the sexual kind, is not a new problem to society. We have learned, much to our dismay, the problem is larger than ever thought, largely because child sexual abuse was in the past a hidden crime—a taboo topic of conversation. But it cannot be said that each of us *understands* all facets of the problem, including why a child who has been abused will act in a certain manner which to the layman may appear unreasonable or inconsistent with a claim of abuse. [The expert's] information was both relevant and admissible under the rules of evidence, because it was specialized information of value in assisting the jury to understand the evidence regarding the complainants conduct.

*Id.* at 920.

As in *Duckett*, the testimony at issue before this court was not inadmissible sim-
ply because it embraced an ultimate issue. Dr. Roy did not express an opinion on whether he believed the complaining witnesses were telling the truth, or could be believed. His testimony did not cross the line between assisting the trier of the fact and attempting to replace that body as the decision maker.

The trial court did not abuse its discretion by admitting the expert testimony. Appellant's fourth and fifth points of error are overruled.

We affirm the judgment of the trial court.