Michael Wayne COHN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 264–91, 265–91.

Court of Criminal Appeals of Texas, En Banc.

March 10, 1993.

Allen C. Isbell (on appeal only), Houston, for appellant.

John B. Holmes, Jr., District Atty., Mary Lou Keel, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

Before the court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of two charges of indecency with a child, and one charge of injury to a child. The jury assessed punishment at confinement in the penitentiary for eight years on each indecency conviction, and five years confinement for the injury to a child conviction. On appeal appellant contended that, *inter alia*, the trial court erred to admit over objection expert testimony as to behavior of the children exhibited after the alleged offense. The court of appeals affirmed. *Cohn v. State*, 804 S.W.2d 572 (Tex.App.—Houston [14th] 1991). In his petition for discretionary review appellant contends that, under *Duckett v. State*, 797 S.W.2d 906 (Tex.Cr. App.1990), the expert testimony was not admissible because the child complainants were not impeached. We granted the petition for discretionary review to resolve an apparent ambiguity in our *Duckett* opinion. Tex.R.App. Pro., Rule 200(c)(2).

I.

The child complainants, an older sister and younger brother, each testified that appellant, a friend of their parents who had volunteered to babysit them, became drunk and sexually molested them both. Dr. Bradee Roy, a psychiatrist, testified during the State's case-in-chief. He related that he had talked to the parents and examined the children a few days after the offense, and then again about ten days later. He testified that sexually abused children could be expected to experience "crying episodes" and "angry episodes" and to manifest problems with concentration at school. "They want to hang onto the parents, cling on, try to get reassurance." Asked particularly what characteristics would be specific to sexually abused children, as opposed to children who have experienced other kinds

of trauma, Dr. Roy gave an answer that was unresponsive.[1] Appellant leveled no objection to Roy's testimony up to this point. It should be noted, however, that the court of appeals premised no part of its holding in this cause upon procedural default. *Cohn v. State,* supra, at 574–75.

The prosecutor next inquired about the particular demeanor of the two children when Roy interviewed them, both the first time and ten days later. Appellant objected that the prosecutor was thereby "bolstering the witness." After some discussion of the opinion in *Kirkpatrick v. State,* 747 S.W.2d 833 (Tex.App.—Dallas 1987), the trial court allowed the questioning. Roy testified the sister was "mildly depressed." Her affect was "constricted," which was consistent with experiencing trauma, and "when she went into the details she was appropriate with her feelings about what happened." By this he meant she was "crying" and "nervous." The brother, he testified, was "in distress," displaying anger and fear and helplessness.

Dr. Roy did not testify directly that the children were sexually abused or that they were telling the truth. His testimony therefore did not approach the level of "replacing" the jury, which this Court indicated in *Duckett v. State,* supra, at 914 & 920, would violate Tex.R.Cr.Evid., Rule 702. For this reason the court of appeals held his testimony was not erroneously admitted. *Cohn v. State,* supra. Appellant contends, however, that under *Duckett* the trial court may not admit the kind of testimony Roy gave here unless the child complainants have first been impeached. *Duckett* notwithstanding, however, we cannot agree that substantive evidence of abuse should be admissible only if it serves to rehabilitate an impeached witness.

## II.

### *Substantive Evidence*

■ A number of witnesses besides Dr. Roy testified without objection that after the alleged offenses the normally gregarious children were withdrawn, fearful, and "clingy." Such characteristics have been empirically shown to be common among children who have been sexually abused. See Myers, et al., Expert Testimony in Child Sexual Abuse Litigation, 68 Neb. L.Rev. 1 (1989), at 60. But these indicia of anxiety do not point exclusively to *sexual* abuse, as Dr. Roy seems to have acknowledged. See n. 1, *ante.* They do tend to show *some* kind of trauma, not necessarily of a sexual nature. *Id.,* at 64.

"The probative value of expert testimony describing behaviors observed in young sexually abused children is highest when there is a coalescence of three types of behaviors: (1) a central core of sexual behaviors which are strongly associated with sexual abuse;[2] (2) nonsex-

---

1. "Q What particular characteristics of sexually abused children are peculiar to that category of an abused child, a child that's been sexually abused as opposed to a child that's had a physical abuse for a traumatic event?
   A In females they have a lot of problems with relationship to males basically. And, trust issues become very difficult for them. They have a hard time in trusting anybody. And, the closer the male person is now who has abused them the more difficult it gets in terms of establishing relationships later on as research has shown that the imprint of abuse at an earlier age seems to have its upper cushions down the line at 19, at the time they get married. They have a hard time with trust issues and making bond so that's one.
   Now in terms of physical abuse they're able to talk about it and deal with it seemingly in a more effective way though it does lead a lowering of self-esteem that you know, that they're treated in a demeaning way so the self-esteem is love; that's the most critical issue in trying to raise the self-esteem."

The prosecutor asked Roy neither to clarify nor to elaborate.
   On cross-examination the following exchange occurred:
   "Q ... Doctor, isn't it true that depression and aggression and whining and demanding and a lot of other characteristics that you've told the Jury today, that those are the same characteristics that you will see in a lot of different types of problems of children; isn't that right?
   A It's possible."

2. "While some of the behaviors observed in sexually abused children are consistent with a number of problems, others are more strongly associated with personal or vicarious sexual experience. Examples of behaviors that have greater specificity for sexual abuse include age-in-appropriate knowledge of sexual acts or anatomy, sexualization of play and behavior in young children, the appearance of genitalia in young children's drawings, and

ual behaviors which are commonly observed in sexually abused children; and (3) medical evidence of sexual abuse.

Probative value declines as sexual behaviors and medical evidence decrease in proportion to nonsexual behaviors. When the only evidence consists of a number of ambiguous, nonsexual behaviors, the evidence may lack any probative value, or probative worth may be outweighed by the potential for unfair prejudice or jury confusion. [footnote citing Fed.R.Evid. 403]

When a child demonstrates no sexual behaviors, but does experience signs of serious anxiety or post-traumatic stress disorder, expert testimony may still be relevant. In this scenario, however, testimony serves only to establish that the child may have experienced some type of traumatic event. Such testimony is not specific to sexual abuse."

*Id.* Absent medical evidence or evidence of behavior more closely determinative of sexual abuse, see n. 2 *ante*, it seems the psychological community is unwilling to find evidence of anxiety sufficient to support the conclusion, even to a reasonable clinical certainty, that *sexual* abuse has necessarily occurred. *Id.* Therefore, to the extent Roy's testimony may have suggested that evidence of anxiety behavior is enough in and of itself to indicate *sexual* abuse, it may well have been objectionable under Tex.R.Cr.Evid., Rule 705(c).[3] But to the extent it only provided circumstantial evidence that the children did experience *some* traumatic event, Dr. Roy's testimony, both that anxiety behavior is at least consistent with sexual abuse, and that the children here exhibited such behavior in his

---

sexually explicit play with anatomically detailed dolls."
*Id.,* at 62–63. There was neither medical testimony nor testimony of the kind of sexual behavior detailed above in the instant cause.

3. Rule 705(c), supra, reads:
"(c) **Admissibility of opinion.** If the court determines that the expert does not have a sufficient basis for his opinion, the opinion is inadmissible unless the party offering the testimony first establishes sufficient underlying facts or data."
Appellant made no objection under this provision, however.

presence, was relevant evidence, under Tex.R.Cr.Evid., Rules 401 & 402.[4] It should come in as substantive evidence unless "its probative value is substantially outweighed by the danger of unfair prejudice...." Tex.R.Cr.Evid., Rule 403.

### *"Bolstering"*

■ Appellant contends that testimony such as Dr. Roy's is inadmissible under *Duckett* because it "bolsters" the testimony of the child complainants. We frankly admit that our opinion in *Duckett* may be read to hold that even expert testimony that is relevant as substantive evidence may yet be inadmissible unless it serves some rehabilitative function. *Duckett* seems to suggest that the source for such a rule may be found in Rule 403, supra. See 797 S.W.2d at 917, 919. To the extent *Duckett* may be so read, however, we now disapprove it.

Under caselaw predating the Rules of Criminal Evidence it was held that " '[b]olstering' occurs when one item of evidence is improperly used by a party to add credence or weight to some earlier unimpeached piece of evidence offered by the same party." *Sledge v. State,* 686 S.W.2d 127, at 129 (Tex.Cr.App.1984), citing *Pless v. State,* 576 S.W.2d 83, at 84 (Tex.Cr.App. 1978).[5] "Bolstering" may perhaps be understood a little more precisely to be any evidence the *sole* purpose of which is to convince the factfinder that a particular witness or source of evidence is worthy of credit, without substantively contributing "to make the existence of [a] fact that is of consequence to the determination of the action more or less probable than it would

---

4. Whether that testimony was helpful to a jury, i.e., whether the jury needed an expert to tell them that anxiety behavior is at least consistent with sexual abuse, may be another question. However, appellant did not challenge Roy's testimony under Rule 702, supra. See *Kelly v. State,* 824 S.W.2d 568, at 574–75 (Tex.Cr.App. 1992) (Clinton, J., concurring).

5. Evidence that logically rehabilitates an impeached witness, of course, was not considered "bolstering" in the first place. *Sledge v. State,* supra.

be without the evidence." See Rule 401, supra. Accordingly, evidence that corroborates another witness' story or enhances inferences to be drawn from another source of evidence, in the sense that it has an incrementally *further* tendency to establish a fact of consequence, should not be considered "bolstering."

The only apparent "bolstering" provisions contained in the Rules of Criminal Evidence are Tex.R.Cr.Evid., Rule 608(a),[6] and Rule 612(c).[7] Rule 608(a) allows opinion or reputation evidence as to the character of a party's own witness for truthfulness, but only after the witness' character for truthfulness has already been attacked by the opposing party. But Rule 608(a) does not address admissibility of circumstantial evidence by a party that tends to corroborate the accuracy of his own earlier witness' testimony but says nothing one way or the other about that witness' character for truth and veracity. Evidence that corroborates does not involve the character of a witness for truthfulness, *vel non*. Rule 612(c) is also a "bolstering" rule to the extent it prevents the use of prior consistent statements of a witness for the sole purpose of enhancing his credibility.[8] But again, Rule 612(c) says nothing about the admissibility of substantive evidence that happens to corroborate a witness. Nor do we know of any other provision in the Rules of Criminal Evidence that mandates exclusion of relevant evidence simply

because it corroborates testimony of an earlier witness.

Certainly Rule 403, supra, does not. Dr. Roy's testimony that the children exhibited anxiety behaviors is circumstantial evidence that *something* traumatic happened to them. That this evidence in some small measure corroborates the children's own testimony that appellant sexually molested them does not make it any less relevant—in fact, quite the opposite. Of course, like all corroborating evidence, because it is consistent with the children's story, it also has a tendency to make their testimony more plausible. But we should not for that reason exclude it for "unfair prejudice" under Rule 403, supra. " 'Unfair prejudice' does not, of course, mean that the evidence injures the opponent's case—the central point of offering evidence. Rather it refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' " Goode, et al., Texas Practice: Texas Rules of Evidence: Civil and Criminal, § 403.2 (1988), at 93, quoting Advisory Committee's Note to Federal Rule 403. The Court's opinion in *Duckett* does not explain in what way corroborative evidence tends to suggest decision on an *improper* basis, and we cannot think of how it would.

In short, we do not view Rule 403 as a basis for exclusion of expert testimony that is otherwise admissible as substantive evi-

---

**6.** Rule 608(a), supra, reads:

"**Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

Professors Goode, Wellborn and Sharlot describe Rule 608(a), supra, "as a specific application of the general principle that forbids bolstering a witness whose testimony is unimpeached." Goode, et al., 33 Texas Practice: Texas Rules of Evidence: Civil and Criminal, § 608.2 (1988), at 419. The rules themselves, however, reflect no such general principle.

**7.** Rule 612(c), supra, reads:

"(c) **Prior consistent statements of witnesses.** A prior statement of a witness which

is consistent with his testimony is inadmissible except as provided in Rule 801(e)(1)(B)." Tex.R.Cr.Evid., Rule 801(e)(1)(B) allows proof of a witness' prior consistent statement to rebut any inference that the witness' trial testimony is a recent fabrication or is the product of improper influence or motive.

**8.** Rule 612(c) would also exclude prior consistent statements as substantive evidence. To this extent, however, it is merely redundant of the hearsay rule. A prior consistent statement offered as substantive evidence would constitute "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Apart from the exceptions in Tex.R.Cr.Evid., Rule 801(e)(1)(B) & (C), then, a prior consistent statement offered for its substantive value would be objectionable under Tex.R.Cr.Evid., Rule 802.

dence, as was Dr. Roy's in this cause. Nor do we find any other basis in the Rules of Criminal Evidence to justify exclusion of his testimony as "bolstering." For this reason we cannot say that the court of appeals erred to hold that the trial court did not abuse its discretion in admitting Roy's testimony.

Accordingly, the judgment of the court of appeals is affirmed.

CAMPBELL, Judge, concurring.

While I agree with the result reached by the majority of the Court, I write separately to express my belief that a "bolstering" objection is no longer adequate to preserve error for review concerning the admission of evidence because no such ground survived the Texas Rules of Criminal Evidence.[1]

Prior to the adoption of the Rules of Evidence, "bolstering" was a proper objection when one item of evidence was used by a party to add credence or weight to some earlier unimpeached evidence that the same party had offered. *McKay v. State*, 707 S.W.2d 23, 33 (Tex.Cr.App.1985), cert. denied, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Pless v. State*, 576 S.W.2d 83, 84 (Tex.Cr.App.1978); *Frison v. State*, 473 S.W.2d 479 (Tex.Cr.App.1971); *Acker v. State*, 421 S.W.2d 398 (Tex.Cr. App.1967). Under case law existing prior to the promulgation of the Rules of Evidence, bolstering an unimpeached witness was "automatically" error. The Rules of Evidence, however, do not contain a specific rule pertaining to or prohibiting "bolstering." Moreover, nothing in the Rules prevents a party from adding credence to an unimpeached witness or adding credence to other evidence as long as that additional evidence is relevant. In fact, the Rules favor admissibility. See Rules 402, 403. Therefore, if such "bolstering" evidence is presented, the party seeking exclusion

must object in accord with the Rules of Evidence so as to inform the trial court that the evidence is not relevant (Rule 402), the evidence is substantially prejudicial, confusing, needlessly cumulative (Rule 403), or otherwise specify a rule or reason found in the Rules to exclude the evidence.

Given the focus of the Rules favoring admission, as well as the lack of a specific prohibition of this type of evidence, an objection that certain evidence is "bolstering" in no way invokes the Rules or informs the trial court of the basis for exclusion under the Rules. "Bolstering" evidence is no longer inadmissible simply due to the fact it adds credence to unimpeached testimony. The Rules of Evidence do not bar evidence which is otherwise relevant just because that evidence may add credence to unimpeached testimony. Therefore, a party's objection must inform the trial court why or on what basis the otherwise admissible evidence should be excluded. Such a complaint might be expressed as a "general" objection under Rule 403, that although relevant, the prejudice substantially outweighs the probative value; or the objection, depending on the type of the evidence at issue, might reference a more specific rule of exclusion. See, e.g., Rules 404(b), 410, 411, 412, 608, and 609. Prior case law concerning bolstering may be useful in determining whether evidence is substantially prejudicial. The Rules of Evidence, however, are now the controlling authority for what constitutes a sufficient objection to the admission of evidence, *not* case law that predates the adoption of the Rules.[2]

This requirement that an objection be tailored to the Rules of Evidence is analogous to this Court's holding in *Montgomery* relating to the admission of extraneous offenses. In *Montgomery* we explained that an objection that evidence was not "relevant" or constituted an "extraneous

---

1. Unless otherwise noted, all general references to the "rules" and all references to specific rules in this opinion refer to the Texas Rules of Criminal Evidence.

2. An analogue of this notion is this Court's treatment of an objection that certain evidence is irrelevant. Prior to the adoption of the Rules of Criminal Evidence, no error was preserved by

objecting that the evidence was irrelevant. See *Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Cr. App.1983). After the promulgation of the Rules of Criminal Evidence, which define relevant evidence in Rule 401, an objection that certain evidence was irrelevant constitutes a sufficient objection to preserve for review the issue of the relevance of that evidence. See *Valcarcel v. State*, 765 S.W.2d 412, 417 (Tex.Cr.App.1989).

offense" invoked only a relevance complaint. *Montgomery v. State*, 810 S.W.2d 372, 387–388 (Tex.Cr.App.1990). Contrary to case law decided prior to the Rules of Evidence, such an objection was held to be no longer sufficient to require a ruling concerning exclusion due to unfair prejudice. *Id.* at 388–389. A further objection is now required based upon Rule 403. *Id.*

Since "bolstering" evidence, assuming it is relevant, is generally admissible, I would hold that the former "bolstering" objection no longer meets the requirements for invoking the now applicable Rule 403 analysis. Accordingly, I would overrule appellant's contentions that his bolstering objection is sufficient and that the case law concerning bolstering is applicable. Since appellant voiced no separate objection based upon Rule 403 or any other rule, I would find that he has not preserved error on such basis. With these comments, I join the judgment of the Court.

WHITE and BAIRD, JJ., join.