No. 04-98-00730-CR



Cedric HAYNES,


Appellant



v.



The STATE Of Texas,


Appellee



From the 144th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-2125


Honorable R. L. Eschenburg, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: August 18, 1999


AFFIRMED

 A jury found Cedric Haynes recklessly caused serious bodily injury to a child and assessed
punishment at six years in prison. Haynes appeals, contending the trial court erred by allowing the
State to present a medical opinion in rebuttal during the guilt phase of the trial and by allowing
evidence of marijuana during the punishment phase. We hold the trial court did not abuse its
discretion and affirm the judgment.

Standard of Review


 A trial court's evidentiary rulings are reviewed under an abuse of discretion standard.
Montgomery v. State, 810 S.W.2d 372, 390-93 (Tex. Crim. App. 1991) (on rehearing). A trial court
does not abuse its discretion if its "ruling was at least within the zone of reasonable disagreement."
Id. at 391.

Medical Testimony


 In his first point of error, Haynes complains the trial court abused its discretion when it
allowed Dr. Charles Bux to give a medical opinion in rebuttal because the testimony was improper
bolstering, the witness was not competent to testify, and the testimony was admitted in violation of
Rule 403, Tex. R. Evid. We disagree.

 Two doctors testified during the State's case-in-chief about the nature of the child's injuries
and the type of force that would have been necessary to inflict them. Haynes then testified the
injuries occurred when he playfully threw the child at the couch, but missed, and the child's head
hit a metal ashtray. In rebuttal, Dr. Bux testified that the type of skull fracture sustained by the child
could not have occurred as defendant testified because the force used would have been insufficient. Haynes first contends Dr. Bux' testimony was improper bolstering. "'Bolstering' may ... be
understood ... to be any evidence the sole purpose of which is to convince the factfinder that a
particular witness or source of evidence is worthy of credit," without "tend[ing] to establish a fact
of consequence." Cohn v. State, 849 S.W.2d 817, 819-20 (Tex. Crim. App. 1993) (emphasis in
original). Dr. Bux' testimony was offered to establish that Haynes' story was not credible, and was
not improper bolstering. Haynes next argues Dr. Bux was incompetent to testify because his
testimony "was derived solely from past experience and not developed from study or examination
of the facts of this case." Haynes did not object to the testimony on this ground at trial and thus failed
to preserve error. Tex. R. App. P. 33.1; Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App.
1986).

 Finally, Haynes argues the testimony was needlessly cumulative and admitted in violation
of Rule 403. Haynes did not make a Rule 403 objection at trial; however, he did argue the testimony
was not necessary because two experts had already testified for the State as to the nature of the
child's injuries and the amount of force necessary to cause the injuries. Assuming Haynes preserved
error, we hold the evidence was not cumulative. The earlier experts testified the child's injuries could
not have been caused by being thrown from a distance of approximately five feet and landing on a
carpeted floor. They further testified the injuries would have required being struck with considerable
force by or against a blunt object. At the time they testified, there was no evidence of Haynes's
contention that when the child landed her head hit a metal ashtray. Dr. Bux' testimony was offered
in direct rebuttal to that contention, which was first raised during the defense's case. The trial court
did not abuse its discretion in admitting Dr. Bux' testimony and we overrule Haynes's first point of
error.

Marijuana Odor


 In his second point of error, Haynes contends the trial court erred by admitting testimony of
the paramedic who responded to the 911 call that when he entered the apartment he immediately
smelled a strong odor of marijuana smoke and could see smoke in the room. We again disagree.

 Haynes first argues the evidence is inadmissible under Rule 404(b). However, he did not
object on this ground at trial and therefore has not preserved error. Tex. R. App. P. 33.1; Thomas,
723 S.W.2d at 700. Haynes next argues the evidence is not relevant and any probative value is
outweighed by the prejudicial effect of the evidence. The evidence was relevant to the issue of
punishment. See Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp. 1998) (in punishment
phase "evidence may be offered by the state ... as to any matter the court deems relevant to
sentencing, including ... the circumstances of the offense for which he is being tried, and,
notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant ..."); Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)
(evidence is "relevant" in punishment context if it "is helpful to the jury in determining the
appropriate sentence for a particular defendant in a particular case"). And Haynes fails to explain
how the evidence "suggest[ed] decision on an improper basis," and thus has not shown the evidence
was unfairly prejudicial. Cohn, 849 S.W.2d at 820 (emphasis in original). The trial court thus acted
within the ambit of its discretion in admitting the paramedic's testimony. We overrule Haynes's
second point of error and affirm the judgment.


 Sarah B. Duncan, Justice

Do not publish