IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1827-04






BONNIE JALAANE RAY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


GREGG COUNTY





 Holcomb J., delivered the opinion of the Court, in which Meyers, Price,
Womack, and Cochran, JJ., joined. Hervey, J., filed a concurring opinion, in which
Johnson, Keasler, and Cochran, JJ., joined. Keller, P.J., filed a dissenting opinion.



O P I N I O N 


 

 Appellant was convicted of possession of a controlled substance with intent to deliver.
Punishment was assessed at imprisonment for twenty years and a $2,000 fine. Appeal was
taken to the Sixth Court of Appeals. There, appellant complained that the trial court erred
in excluding testimony that the drugs recovered belonged to someone else and that the
exclusion of that evidence was harmful. With one justice dissenting, the court of appeals
held that the trial court erred in excluding the evidence but also held that appellant was not
harmed by the error. Ray v. State, 148 S.W.3d 218 (Tex. App.-Texarkana 2004). We
granted review to determine whether the court of appeals erred in its harm analysis. 

The Relevant Facts

 Police stopped and searched a car in which appellant was the front-seat passenger. 
A medicine bottle containing eight rocks of crack cocaine was recovered from a narrow
space between the passenger seat and the center console. Police also recovered narcotics
paraphernalia from appellant's purse. At trial, appellant admitted to possessing the
paraphernalia but challenged the State's theory that she had care, custody, and control of the
drugs. Appellant's testimony denying possession of the drugs was received by the trial court,
but the trial court excluded the testimony of Owen Williams, an acquaintance of appellant,
who had been with both appellant and the driver of the car shortly before the car was
stopped. By offer of proof, appellant showed that Williams would have testified that the
driver of the car took one rock of crack cocaine from a container, similar to the one found
in the car, and gave it to Williams just before appellant and the driver of the car were stopped
by police. 

 The court of appeals concluded correctly that Williams's testimony should have been
admitted because it had a tendency to make the existence of a fact of consequence more or
less probable than it would have been without the evidence. Ray, 148 S.W.3d at 225 (citing 
Tex. R. Evid. 401). The court of appeals then considered whether appellant was harmed,
first by applying and rejecting a constitutional error standard under Texas Rule of Appellate
Procedure 42.2(a), and then by applying a non-constitutional error standard under 44.2(b). Analysis and Holdings

Standard for constitutional error 

 Reasoning from our holding in Potier v. State, 68 S.W.3d 657, 665 (Tex. Crim. App.
2002), the court of appeals concluded that the trial court's error did not prevent appellant
from presenting her defense, and therefore, the error was not of constitutional dimension. 
Ray, 148 S.W.3d at 226. 

 In Potier, this Court held that the exclusion of a defendant's evidence can sometimes
amount to a violation of his right to compel the attendance of witnesses in his favor. Potier
v. State, 68 S.W.3d at 659; see also Washington v. Texas, 388 U.S. 14 (1967) (Sixth
Amendment insures compulsory process to obtain favorable witnesses). However,
"evidentiary rulings rarely rise to the level of denying the fundamental constitutional rights
to present a meaningful defense." Potier, 68 S.W.3d at 663. There are two circumstances
in which the improper exclusion of evidence may establish a constitutional violation: (1)
when a state evidentiary rule categorically and arbitrarily prohibits the defendant from
offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously
excludes relevant evidence that is a vital portion of the case and the exclusion effectively
precludes the defendant from presenting a defense. Id. at 659-62; Wiley v. State, 74 S.W.3d
399, 405 (Tex. Crim. App. 2002). 

 Because the trial court's exclusion of the evidence in this case was not grounded on
any evidentiary rule prohibiting the admission of the testimony she offered, we are concerned
only with the second category. Therefore, we must determine whether the exclusion of the
evidence effectively prevented appellant from presenting a defense. Wiley, 74 S.W.3d at
405. 

 Through her own testimony, appellant was able to present to the jury her defense that
the drugs did not belong to her and that, instead, the drugs belonged to the driver of the car. 
As this was the appellant's own testimony, however, the jurors were likely to give it less
weight than the testimony of Williams, an acquaintance who was willing to testify under oath
that he had been given illegal drugs by the driver of the car, that the drugs he received were
similar to those discovered by police, and that those drugs were found in a similar container. 
This testimony would have incrementally furthered appellant's defensive theory. See, e.g.,
Cohn v. State, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993). Nevertheless, because
appellant was permitted to testify about her defensive theory, we cannot say that the
exclusion of Williams's testimony effectively prevented her from presenting her defense. (1) 
We thus conclude that the court of appeals did not err in declining to apply a constitutional
harm analysis under Tex. R. App. P. 44.2(a). We now turn to whether the court of appeals
correctly analyzed the error under Tex. R. App. P. 44.2(b).

Standard for non-constitutional error

 When evaluating harm from non-constitutional error flowing from the exclusion of
relevant evidence, we examine the record as a whole, and if we are fairly assured that the
error did not influence the jury or had but a slight effect, we conclude that the error was
harmless. Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). In this case, we
do not have fair assurance that the exclusion of Williams's testimony did not influence the
jury or had but a slight effect. See Johnson v. State, 967 S.W.2d 410 (Tex. Crim. App. 1998). 
 A review of the record as a whole reveals that the question of possession was not only
the most important issue in the case, it was the only contested issue in the case. Appellant
was prejudiced because she was precluded from presenting third-party witness testimony
which would have corroborated and given independent credibility to the defense she sought
to establish. Because appellant's only argument was that she did not possess the drugs, and
the State's case rested on a contrary argument, the erroneous exclusion of testimony that
tended to establish possession in another was a "serious" error. See Ray, 148 S.W.3d at 227
(Carter, J., dissenting). 

 The court of appeals's majority opinion reasons that the error was harmless because
Williams's testimony "would not have added significantly to Ray's defense." Id. at 226. 
However, as Justice Carter points out, this was an issue for the jury to decide--not the court
of appeals. Id. at 227. As the jury did not have the benefit of the third-party testimony upon
the most critical element the State had the burden to prove, we cannot say with fair assurance
that the error did not influence the jury or had but a slight effect. Tex. R. App. P. 44.2(b). 
We reverse the judgment of the court of appeals and remand the cause to the trial court for
further proceedings. 

DELIVERED: NOVEMBER 16, 2005.

PUBLISH 

 
1. Had appellant chosen not to testify in her own defense, we would be faced with
exclusion of clearly vital evidence, precluding altogether the presentation of the defensive theory.