Opinion
filed July 22, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00285-CR

                                                    __________

 

                        ANTWON
TREVON COTTRELL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR33742

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            After
a jury had been selected, Antwon Trevon Cottrell entered a plea of guilty to a
charge of aggravated sexual assault of a child.  Cottrell elected to have the
jury assess his punishment.  Based upon the evidence that it heard, the jury
assessed Cottrell’s punishment at confinement for ten years and a fine of
$619.07.  We affirm.

            There
is no challenge to the sufficiency of the evidence.  The evidence, including
appellant’s own testimony, shows that appellant intentionally and knowingly
caused the penetration of the victim’s female sexual organ with his own sexual
organ.

            In
his first issue, Cottrell maintains that the trial court erred when it allowed David
Hernandez, a therapist with the Children’s Rape Crisis and Children’s Advocacy
Center, to testify about the impact of an incident such as this upon a child
victim.  Although Hernandez had not counseled the victim, he detailed generally
the effects that such an event could have on a child; he did not opine on the
effects on this particular victim.  The victim’s mother, however, testified to
the changes in the victim after the assault.

            The
State argues that Cottrell has waived any error in the admission of this
testimony because he failed to make a specific objection to it.  While the
State might be correct, we will address the issue as Cottrell presents it on
appeal:   the trial court allowed Hernandez to testify outside the scope of his
expertise.

            We
review decisions to admit expert testimony for an abuse of discretion.  Gallo
v. State, 239 S.W.3d 757, 765 (Tex. Crim. App. 2007).  A trial court abuses
its discretion when its decision lies outside the zone of reasonable
disagreement.  Casey v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

            Rule
702 of the Texas Rules of Evidence provides:  “If scientific, technical, or
other specialized knowledge will assist the trier of fact to understand the
evidence or to determine a fact in issue, a witness qualified as an expert by
knowledge, skill, experience, training, or education may testify thereto in the
form of an opinion or otherwise.”  Tex.
R. Evid. 702.

            Before
a witness may testify about scientific, technical, or other specialized
matters, the party offering the testimony bears the initial burden of demonstrating,
by clear and convincing evidence, that the evidence is reliable.  Russeau v.
State, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005).  It must be such that it
will “assist the jury in accurately understanding other evidence or in
determining a fact in issue.”  Weatherred v. State, 15 S.W.3d 540, 542 (Tex.
Crim. App. 2000).  When a party offers expert testimony, he must show that the
testimony is reliable because unreliable evidence will not assist a jury to
understand the evidence or accurately determine a fact in issue.  State v.
Medrano, 127 S.W.3d 781, 784-86 (Tex. Crim. App. 2004).  The proponent of
the expert testimony must establish that the expert has knowledge, skill,
experience, training, or education that would qualify the expert to give an opinion
on that particular subject before the trial court.  Malone v. State, 163
S.W.3d 785, 793 (Tex. App.—Texarkana 2005, pet. ref’d).   

              In
Kelly, the Court of Criminal Appeals announced a three-pronged test for
use in determining whether novel scientific evidence would be admissible.  Kelly
v. State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).  The three
inquiries were:  (1) the underlying scientific theory must be valid; (2) the technique
applying the theory must be valid; and (3) the technique must have been
properly applied on the occasion in question.  Id.  Later, the court
held that the test applied to all scientific evidence.  Hartman v. State,
946 S.W.2d 60, 62-63 (Tex. Crim. App. 1997).  Subsequently, the court held that
Kelly qualifiedly applied to nonscientific expert testimony.  Nenno
v. State, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998), overruled on other
grounds by State v. Terrazas, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999). 
“When addressing fields of study aside from the hard sciences, such as the
social sciences or fields that are based primarily upon experience and training
as opposed to the scientific method, Kelly’s requirement of
reliability applies but with less rigor than to the hard sciences.”  Nenno,
970 S.W.2d at 561.  Before a trial court admits expert testimony in the
soft sciences, it should determine (1) whether the field of expertise is a
legitimate one, (2) whether the subject matter of the expert’s testimony is
within the scope of that field, and (3) whether the expert’s testimony properly
relies upon and utilizes the principles involved in the field.  Medrano,
127 S.W.3d at 785 (citing Nenno, 970 S.W.2d at 561).  Ultimately,
reliability is the cornerstone of all scientific evidence cases.  Medrano,
127 S.W.3d at 785.

            The
Court of Criminal Appeals has recognized that the type of evidence offered in
this case by Hernandez is within a field of legitimate expertise.  Cohn v.
State, 849 S.W.2d 817, 818-19 (Tex. Crim. App. 1993); see also Dennis
v. State, 178 S.W.3d 172, 181-82 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d) (child psychotherapist and social worker testified about general
characteristics of child sexual assault victim); Jensen v. State, 66
S.W.3d 528, 542-43 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (child
advocacy worker testified about difficulty of detecting sexual abuse of
children by observing just the relationship between victim and accused); Hernandez
v. State, 53 S.W.3d 742, 744, 750-51 (Tex. App.—Houston [1st Dist.] 2001,
pet. ref’d) (child advocacy witness testified about “Child Abuse Accommodation
Syndrome”).  Further, the record reflects that the subject matter of
Hernandez’s testimony falls within the scope of the previously recognized field
of expertise.  Also, Hernandez did not testify that he relied upon any
particular methodology as a basis for his testimony.  He based his testimony
upon his practice and experience.  A person may acquire special knowledge that will
qualify him to give an expert opinion “from specialized education, practical
experience, a study of technical works, or a varying combination of these
things.”  Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).  

The
evidence showed that, at the time of trial, Hernandez had been employed by the
Children’s Rape Crisis and Children’s Advocacy Center for over five years.  He
is a licensed professional counselor.  In order to be licensed as a
professional counselor in Texas, one must obtain a master’s degree in
education, counseling, or psychology and obtain 3,000 hours as an intern.  In
order to maintain his license, the State of Texas requires twenty-four hours of
continuing education each year.  During the course of his career, Hernandez has
counseled hundreds of people, the majority of whom were victims of sexual
abuse.  Hernandez specializes in trauma and sexual abuse and has testified many
times as an expert in cases such as this one.  He told the jury that he was
basing his testimony upon his “practice and experience.”

            We
believe that this evidence is sufficient to establish Hernandez’s
qualifications to testify as an expert on the effects that sexual abuse could
have on child victims.  The State established, through the testimony we have
outlined, that Hernandez had the knowledge, skill, experience, training, and
education that would qualify him to give an opinion on the particular subject
before the trial court.  In view of Hernandez’s background and the
admissibility of such matters generally, we hold that the State demonstrated
the reliability underlying his testimony.  The trial court did not abuse its
discretion when it allowed Hernandez to testify as an expert.  Cottrell’s first
issue is overruled.

            In
his second issue, Cottrell argues that the trial court erred when it admitted
hearsay statements attributed to the SANE nurse who examined the victim. The 
State called the victim’s mother to testify.  Early in her testimony, the
victim’s mother was attempting to explain that the SANE nurse “explained who
she was.”  Cottrell’s counsel interjected an objection that the answer was not
responsive and also called for hearsay.  Later in her testimony, the victim’s
mother testified that the SANE nurse told her that the victim had been
penetrated.  Before she could finish the entire answer, the trial court asked
Cottrell’s lawyer:  “[I]s your objection continuing?”  Counsel responded, “Yes,
sir, it is, Your Honor.”  The trial court told the victim’s mother that she
could not testify to things that the nurse told her.  Defense counsel asked the
trial court to strike the testimony and to instruct the jury to disregard it,
and the trial court did.  

            We
note at the outset that the hearsay statement was not admitted before the
jury.  Although the victim’s mother testified about what the nurse said, the
trial court struck the testimony and instructed the jury to not consider it.  Because
the trial court did not admit the testimony, Cottrell’s complaint is without
merit.  

            Further, to preserve error for appeal, a defendant must
obtain an adverse ruling by objecting, by requesting an instruction to disregard,
or by moving for a mistrial.  Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim.
App. 1993).  If a defendant has been given all the relief that he requested at
trial, then there is nothing of which to complain on appeal.  Id.  The
trial court sustained Cottrell’s objections and gave the requested instruction
to disregard.  Because Cottrell received all of the relief that he sought from
the trial court, there is nothing about which he can complain on appeal.  We
overrule Cottrell’s second issue. 

We
affirm the judgment of the trial court.

 

 

                                                                        JIM
R. WRIGHT

                                                                        CHIEF
JUSTICE

 

July 22, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.