**Opinion filed July 22, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-08-00285-CR

_____

### ANTWON TREVON COTTRELL, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33742**

### M E M O R A N D U M   O P I N I O N

After a jury had been selected, Antwon Trevon Cottrell entered a plea of guilty to a charge of aggravated sexual assault of a child. Cottrell elected to have the jury assess his punishment. Based upon the evidence that it heard, the jury assessed Cottrell's punishment at confinement for ten years and a fine of $619.07. We affirm.

There is no challenge to the sufficiency of the evidence. The evidence, including appellant's own testimony, shows that appellant intentionally and knowingly caused the penetration of the victim's female sexual organ with his own sexual organ.

In his first issue, Cottrell maintains that the trial court erred when it allowed David Hernandez, a therapist with the Children's Rape Crisis and Children's Advocacy Center, to testify about the impact of an incident such as this upon a child victim. Although Hernandez had not counseled the victim, he detailed generally the effects that such an event could have on a child; he did not opine on the effects on this particular victim. The victim's mother, however, testified to the changes in the victim after the assault.

The State argues that Cottrell has waived any error in the admission of this testimony because he failed to make a specific objection to it. While the State might be correct, we will address the issue as Cottrell presents it on appeal: the trial court allowed Hernandez to testify outside the scope of his expertise.

We review decisions to admit expert testimony for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 765 (Tex. Crim. App. 2007). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

Rule 702 of the Texas Rules of Evidence provides: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." TEX. R. EVID. 702.

Before a witness may testify about scientific, technical, or other specialized matters, the party offering the testimony bears the initial burden of demonstrating, by clear and convincing evidence, that the evidence is reliable. *Russeau v. State*, 171 S.W.3d 871, 881 (Tex. Crim. App. 2005). It must be such that it will "assist the jury in accurately understanding other evidence or in determining a fact in issue." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). When a party offers expert testimony, he must show that the testimony is reliable because unreliable evidence will not assist a jury to understand the evidence or accurately determine a fact in issue. *State v. Medrano*, 127 S.W.3d 781, 784-86 (Tex. Crim. App. 2004). The proponent of the expert testimony must establish that the expert has knowledge, skill, experience, training, or education that would qualify the expert to give an opinion on that particular subject before the trial court. *Malone v. State*, 163 S.W.3d 785, 793 (Tex. App.—Texarkana 2005, pet. ref'd).

In *Kelly*, the Court of Criminal Appeals announced a three-pronged test for use in determining whether novel scientific evidence would be admissible. *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). The three inquiries were: (1) the underlying scientific theory must be valid; (2) the technique applying the theory must be valid; and (3) the technique must have been properly applied on the occasion in question. *Id*. Later, the court held that the test applied to all scientific evidence. *Hartman v. State*, 946 S.W.2d 60, 62-63 (Tex. Crim. App. 1997). Subsequently, the court held that *Kelly* qualifiedly applied to nonscientific expert testimony. *Nenno v. State*, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998), *overruled on other grounds by State v. Terrazas*, 4 S.W.3d 720, 727 (Tex. Crim. App. 1999). "When addressing fields of study aside from the hard sciences, such as the social sciences or fields that are based primarily upon experience and training as opposed to the scientific method, *Kelly*'s requirement of reliability applies but with less rigor than to the hard sciences." *Nenno*, 970 S.W.2d at 561. Before a trial court admits expert testimony in the soft sciences, it should determine (1) whether the field of expertise is a legitimate one, (2) whether the subject matter of the expert's testimony is within the scope of that field, and (3) whether the expert's testimony properly relies upon and utilizes the principles involved in the field. *Medrano*, 127 S.W.3d at 785 (citing *Nenno*, 970 S.W.2d at 561). Ultimately, reliability is the cornerstone of all scientific evidence cases. *Medrano*, 127 S.W.3d at 785.

The Court of Criminal Appeals has recognized that the type of evidence offered in this case by Hernandez is within a field of legitimate expertise. *Cohn v. State*, 849 S.W.2d 817, 818-19 (Tex. Crim. App. 1993); *see also Dennis v. State*, 178 S.W.3d 172, 181-82 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (child psychotherapist and social worker testified about general characteristics of child sexual assault victim); *Jensen v. State*, 66 S.W.3d 528, 542-43 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (child advocacy worker testified about difficulty of detecting sexual abuse of children by observing just the relationship between victim and accused); *Hernandez v. State*, 53 S.W.3d 742, 744, 750-51 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (child advocacy witness testified about "Child Abuse Accommodation Syndrome"). Further, the record reflects that the subject matter of Hernandez's testimony falls within the scope of the previously recognized field of expertise. Also, Hernandez did not testify that he relied upon any particular methodology as a basis for his testimony. He based his testimony upon his practice and experience. A person may acquire special knowledge that will

3

qualify him to give an expert opinion "from specialized education, practical experience, a study of technical works, or a varying combination of these things." *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).

The evidence showed that, at the time of trial, Hernandez had been employed by the Children's Rape Crisis and Children's Advocacy Center for over five years. He is a licensed professional counselor. In order to be licensed as a professional counselor in Texas, one must obtain a master's degree in education, counseling, or psychology and obtain 3,000 hours as an intern. In order to maintain his license, the State of Texas requires twenty-four hours of continuing education each year. During the course of his career, Hernandez has counseled hundreds of people, the majority of whom were victims of sexual abuse. Hernandez specializes in trauma and sexual abuse and has testified many times as an expert in cases such as this one. He told the jury that he was basing his testimony upon his "practice and experience."

We believe that this evidence is sufficient to establish Hernandez's qualifications to testify as an expert on the effects that sexual abuse could have on child victims. The State established, through the testimony we have outlined, that Hernandez had the knowledge, skill, experience, training, and education that would qualify him to give an opinion on the particular subject before the trial court. In view of Hernandez's background and the admissibility of such matters generally, we hold that the State demonstrated the reliability underlying his testimony. The trial court did not abuse its discretion when it allowed Hernandez to testify as an expert. Cottrell's first issue is overruled.

In his second issue, Cottrell argues that the trial court erred when it admitted hearsay statements attributed to the SANE nurse who examined the victim. The State called the victim's mother to testify. Early in her testimony, the victim's mother was attempting to explain that the SANE nurse "explained who she was." Cottrell's counsel interjected an objection that the answer was not responsive and also called for hearsay. Later in her testimony, the victim's mother testified that the SANE nurse told her that the victim had been penetrated. Before she could finish the entire answer, the trial court asked Cottrell's lawyer: "[I]s your objection continuing?" Counsel responded, "Yes, sir, it is, Your Honor." The trial court told the victim's mother that she could not testify to things that the nurse told her. Defense counsel asked the trial court to strike the testimony and to instruct the jury to disregard it, and the trial court did.

4

We note at the outset that the hearsay statement was not admitted before the jury. Although the victim's mother testified about what the nurse said, the trial court struck the testimony and instructed the jury to not consider it. Because the trial court did not admit the testimony, Cottrell's complaint is without merit.

Further, to preserve error for appeal, a defendant must obtain an adverse ruling by objecting, by requesting an instruction to disregard, or by moving for a mistrial. *Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993). If a defendant has been given all the relief that he requested at trial, then there is nothing of which to complain on appeal. *Id.* The trial court sustained Cottrell's objections and gave the requested instruction to disregard. Because Cottrell received all of the relief that he sought from the trial court, there is nothing about which he can complain on appeal. We overrule Cottrell's second issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


July 22, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.