

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0850-21, 0853-21 & 0854-21

### KENNIE LEWIS COOK, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### CASS COUNTY

**WALKER, J., filed a dissenting opinion.**

## DISSENTING OPINION

Today, the Court concludes that Appellant Kennie Lewis Cook, Jr. was not reversibly harmed, because even if Sergeant Hicks's testimony on the child complainant's truthfulness was improperly admitted, the testimony was a concise statement that was later followed by similar testimony. I disagree. I would hold that the testimony was inadmissible and that the error affected Appellant's substantial rights. Because I would affirm the judgment of the court of appeals, I respectfully dissent.

## I.  The Admission of the Officer's Testimony was Erroneous

Expert testimony as to the truthfulness of a complainant is inadmissible under Rule 702. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); TEX. R. EVID. 702. A direct opinion on the truthfulness of a witness is impermissible because it "*decides* an issue *for* the jury." *Id.* at 709 (emphasis in original) (citing *Duckett v. State*, 797 S.W.2d 906, 914–15 (Tex. Crim. App. 1990), *disapproved on other grounds by Cohn v. State*, 849 S.W.2d 817, 819 (Tex. Crim. App. 1993)). Expert witness testimony must aid, not supplant, the jury's fact-finding role. *Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount*, 872 S.W.2d at 710. As for non-expert, lay witnesses, while they may testify to rebut an attack on a complainant's general character for truthfulness, such rebuttal is limited to reputation or opinion evidence about that character for truthfulness, and lay witnesses may not testify about the complainant's truthfulness in the particular allegations. TEX. R. EVID. 608; *Sandoval v. State*, 409 S.W.3d 259, 292 (Tex. App.—Austin 2013, no pet.) (citing TEX. R. EVID. 608; *Fuller v. State*, 224 S.W.3d 823, 833 (Tex. App.—Texarkana 2007, no pet.)).

Under the assumption that Sergeant Hicks testified as an expert witness, his testimony is inadmissible under Rule 702.[1] If Sergeant Hicks is considered a lay witness, he could only testify to the child's credibility in the form of opinion or reputation testimony once the child's general character for truthfulness had been challenged. At trial, Appellant first challenged the child's character for truthfulness by questioning the child about his prior inconsistent statements on cross-examination. Appellant challenged the child's character a second time during cross-examination

---

[1] Although the parties agree that the State never sought to have Sergeant Hicks qualified as an expert, I add this point because Sergeant Hicks testified as to facts consistent with expert qualifications.

of the child's mother by suggesting that she had coached the child to make allegations against Appellant. Thus, Appellant opened the door to rebuttal testimony on the child's *general* character for truthfulness. However, the prosecutor's question to Sergeant Hicks did not seek to support the child's credibility through general "opinion" or "reputation" testimony. Rather, the prosecutor's question asked Sergeant Hicks to testify about the child's truthfulness in the particular allegations against Appellant. Moreover, lay opinion testimony under Rule 701 must be based on personal knowledge. TEX. R. EVID. 701. While Sergeant Hicks observed the child provide a statement, he had no personal knowledge on which to base his determination of the child's credibility; he did not have any personal knowledge of the family dynamic and the reputations of the parties involved, and he lacked a personal relationship with the parties. Therefore, whether Sergeant Hicks is considered an expert or lay witness, his opinion that the child's statements were truthful was inadmissible, and the trial court abused its discretion by allowing the testimony.

## II.     The Admission of the Officer's Testimony Affected Appellant's Substantial Rights

A violation of an evidentiary rule is a non-constitutional error subject to review under Texas Rule of Appellate Procedure 44.2(b). *Russell v. State*, 155 S.W.3d 176, 181 (Tex. Crim. App. 2005). Rule 44.2(b) states that non-constitutional error must be disregarded unless it affects the defendant's substantial rights. "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The central issue of this case at trial hinged on the credibility of the child and whether the jury believed the child's allegations. The State was unable to present any corroborating physical

evidence. Family members testified both in support of the child's credibility and against the child's credibility; it was a classic "he said, she said." The sole unaligned witness to testify to the truthfulness of the child was the lead investigative officer on the case, Sergeant Hicks. In the absence of concrete evidence, combined with the multitude of testimony from disagreeing family members, the jury was likely to give Sergeant Hicks's testimony exceptional weight and be unduly inclined to rely on his clear and concise opinion as to the child's credibility. After all, Sergeant Hicks was the only witness testifying to this central issue that did not have a dog in the hunt.

**(A)    The Officer's Testimony Trumped All Other Credibility Testimony**

I disagree with the majority's analysis of the harm because it does not consider an officer's inherent impression of reliability. Generally, jurors place significant import on law enforcement testimony.[2] A neutral and respected officer's testimony about a victim's credibility will many times trump all other credibility testimony in the minds of the jury. This is especially true when there are no other authoritative witnesses presented to rebut the credibility testimony. This Court cautioned against this very scenario in *Schutz* where we noted:

> A jury would expect a mother to testify that her son was truthful, and would likely view such testimony with natural skepticism. On the other hand, the testimony of a police officer qualified as an expert on the investigation of sexual assault cases would likely carry exceptional weight and an aura of reliability which could lead the jury to abdicate its role in determining [the complainant's] credibility.

*Schutz*, 957 S.W.2d at 72 (quoting *Matter of G.M.P.*, 909 S.W.2d 198, 206 (Tex. App.—Houston [14th Dist.] 1995, no writ).

As noted by the Sixth Court of Appeals, Sergeant Hicks's testimony "carrie[d] an aura of

---

[2]  Stephen Garvey, et al., *Juror First Votes in Criminal Trials*, 1 J. EMPIRICAL LEGAL STUD. 371, 396 (2004) (Analysis of juror-decision making in criminal trials found that most jurors believed police testimony).

reliability" not shared by the testimony of the child's family members. *Cook v. State*, 636 S.W.3d 35, 45 (Tex. App.—Texarkana 2021). Sergeant Hicks had been an officer with the Atlanta Police Department for over nineteen years and he had investigated numerous child sexual assault cases, giving him an expert-like quality on matters of child sexual assault. In comparison to the natural skepticism that came with the testimony of the child's family members, Sergeant Hicks's status as a respected, experienced investigator gave him a heightened impression of reliability that the other witnesses did not possess. As a result, Sergeant Hicks's testimony carried a greater risk of harm. Accordingly, the trial court's error allowed Sergeant Hicks to usurp the jury's role as a factfinder.

**(B)      Unequivocal "No" Speaks Volumes**

Sergeant Hicks's testimony more than slightly affected the jury not only because of his status as an officer, but also because of the unequivocal character of the question asked and the answer given. The relevant testimony is below:

> Sergeant Hicks: That victim, I felt like that victim, of his age, gave a credible statement that–
>
> Counsel: Objection, Your Honor. He's not qualified to say that the victim's statement is credible. Additionally, he's not qualified to go into the details of victim's statement.
>
> Court: Any response?
>
> State: This is the basis for his following actions. It's just what formed his basis for continuing the case, Your Honor.
>
> Counsel: Judge, he can't pass on the credibility of a witness.
>
> Court: The jury will be able to decide the credibility of the witness. That'll be sustained as to credibility. You may continue.
>
> **State: Did you think the child was lying?**
>
> **Sergeant Hicks: No.**

Counsel: Objection, Your Honor.

Counsel: That's a comment on the credibility of the witness.

Court: Overruled.

The majority reasons that the testimony was harmless because it was a "one-word response contained in a multi-day, multiple-witness trial which amounted to a passing comment that was not repeated." Majority Opinion at 10. Although concise, a one-word response is also unambiguous. Sergeant Hicks's "No" left no doubt in the minds of the jurors of his opinion on the child's truthfulness. In contrast, the other two unaligned witnesses, the CAC interviewer and the counselor, gave testimony that did not directly relate to the child's credibility. Indeed, the CAC interviewer agreed that she could not be sure whether the child was telling the truth or not. Under the majority's reasoning, an otherwise inadmissible statement will be ignored so long as it is concise and buried among other evidence in a multi-day trial.

Additionally, the majority finds that there was no harm to Appellant because "[t]he jury was aware that credibility was their determination to make." Majority Opinion at 10. However, simply making the jury aware of its duty prior to Sergeant Hicks's opinion does not relieve the subsequent error. The jury was still permitted to consider Sergeant Hicks's testimony in its ultimate credibility determination of the child. Moreover, I am not assured that the jury did not unduly rely or gather any other meaning from the prosecutor's question and subsequent answer other than Sergeant Hicks's unequivocal, expert-like opinion that the child was not lying. Nor do I think it is likely that Sergeant Hicks's opinion was not intended to reflect on the credibility of the child as the State argues. I cannot say that the effect of Sergeant Hicks's testimony on the jury was only slight.

### III.    Conclusion

I would affirm the judgment of the court of appeals because I believe that Appellant's substantial rights were affected by the trial court's error. I am not fairly assured that the jury was only slightly influenced by the trial court's egregious error. I see no reason to second-guess the court of appeals' finding. The prosecutor and Sergeant Hicks each had years of experience and knew better. Our law should not permit prosecutors and officers to make such deliberate and improper victim-credibility statements as this one to a jury. I respectfully dissent.

Delivered: January 11, 2023
Publish