NO. 07-04-0477-CR


 07-04-0478-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL C



DECEMBER 15, 2005



______________________________


 

FRANCISCO PEREZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 48,512-A, 48,513-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 On September 22, 2004, appellant, Francisco Perez, was found guilty by a jury of
aggravated sexual assault of a child and indecency with a child. The punishment for each
offense was enhanced by one prior felony conviction. During a trial of both offenses held
simultaneously, the jury assessed punishment at 45 years confinement in the Institutional
Division of the Texas Department of Criminal Justice for the offense of aggravated sexual
assault and 15 years confinement for the offense of indecency with a child. Appellant filed
notice of appeal in both cases. We affirm.

 Appellant presents three issues on appeal. First, appellant contends that he was
denied effective assistance of counsel because the cumulative effect of trial counsel's
failures to object to the admission of evidence denied appellant a fair trial. Second,
appellant urges that the evidence presented was factually insufficient to support a
conviction for aggravated sexual assault of a child. Finally, appellant contends that the
State made several improper and inflammatory statements during jury arguments that
denied him a fair trial.

Ineffective Assistance of Counsel


 In reviewing appellant's contentions of ineffective assistance of counsel, we are
guided by the standard of review as set forth by the U.S. Supreme Court in Strickland and
adopted by the Texas Court of Criminal Appeals in Hernandez. See Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State,
726 S.W.2d 53, 57 (Tex.Crim.App. 1986). A criminal defendant has a constitutional right
to effective assistance of counsel. Strickland, 466 U.S. at 686. Under the two prong test
articulated in Strickland, counsel is ineffective if (1) counsel's performance was deficient
(i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance the result of the proceeding would
have been different. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). A
reasonable probability is a probability sufficient to undermine confidence in the outcome.
Strickland, 466 U.S. at 694. There is a strong presumption that trial counsel's performance
was within the wide range of reasonable professional assistance. Id. at 689; Miniel v.
State, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992). The adequacy of the representation
is judged by the totality of the representation rather than by isolated acts or omissions of
counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Crim.App. 1994).

 At issue is appellant's contention that trial counsel's "unexplained failures" to object
on four specific occasions had the cumulative effect of denying appellant a fair trial. Each
alleged instance of ineffective assistance of counsel will be reviewed in turn. 

 Initially, appellant contends that counsel's performance was deficient because he
allowed the sexual assault nurse examiner to testify about matters beyond the physical
findings of the exam. While counsel did object to the nurse's testimony going beyond the
physical findings, which was sustained by the trial court, appellant contends that counsel
failed to ensure that the State abided by the trial court's ruling. However, the record
reflects that trial counsel did object to the question about which appellant now complains,
but the trial court overruled the objection and allowed the witness to answer. On appeal
appellant contends, under Texas Rule of Evidence 702 (1) and cases that have evolved
thereunder, the nurse's testimony was expert testimony that was intended to supplant the
jury's determination of the child's truthfulness and was, therefore, inadmissible. Cohn v.
State, 849 S.W.2d 817, 818 (Tex.Crim.App. 1993). Since trial counsel objected to the
proposed testimony and obtained an adverse ruling by the trial court, any error in admitting
the nurse's testimony was preserved for appeal. Tex. R. App. P. 33.1; Dixon v. State, 2
S.W.3d 263, 265 (Tex.Crim.App. 1998). However, appellant does not challenge the trial
court's admission of this testimony, but rather claims that counsel's performance was
deficient because this testimony was admitted. By timely objecting and obtaining an
adverse ruling, trial counsel preserved any error in the admission of the nurse's testimony
and, therefore, we conclude that counsel's actions did not fall below an objective standard
of reasonableness. See Rylander, 101 S.W.3d at 110. Accordingly, appellant's first
alleged instance of ineffective assistance is overruled. 

 Appellant next contends that trial counsel's failure to object to the testimony of April
Lemming constituted ineffective assistance of counsel. Appellant's contention is based on
Lemming's testimony being received, under Rule 701, as a lay opinion. (2) According to
appellant, Lemming's testimony was nothing more than speculative lay testimony regarding
the truthfulness of the child victim and was, therefore, inadmissible. Fairow v. State, 943
S.W.2d 895, 901 (Tex.Crim.App. 1997). 

 In reviewing counsel's actions regarding Lemming's testimony, we must consider 
the totality of trial counsel's representation rather than focusing on isolated incidents. 
Garcia, 887 S.W.2d at 880. Throughout the trial, counsel pursued a defensive theory of
fabrication by the child resulting from undue influence over the child. In reviewing the
totality of counsel's representation it is noteworthy that, though counsel failed to object to
Lemming's testimony, counsel's cross examination of Lemming was consistent with
appellant's defensive theory and can be considered trial strategy. Under the
circumstances, appellant has failed to overcome the presumption that trial counsel was
pursuing a sound trial strategy. See Miniel, 831 S.W.2d at 323. Accordingly, appellant's
second allegation of ineffective assistance of counsel is overruled. (3)

 Finally, appellant contends that counsel was ineffective because testimony
regarding the child's hair loss was introduced without objection. Appellant contends that
counsel should have objected to the father's and step-mother's testimony about the child's
hair loss being the result of stress because the testimony was speculative, not based on
any personal knowledge, and introduced to bolster the credibility of the child. Appellant's
contention presumes that the hair loss testimony was offered to prove that stress from the
sexual assault caused the hair loss. (4) 

 Again, it must be stressed that it is the totality of counsel's representation that
determines whether the representation was effective. Garcia , 887 S.W.2d at 880. When
viewed in the context of counsel's overall defensive theory of recent fabrication and
manipulation of the victim, the testimony of hair loss, regardless of reason, becomes
admissible as background to allow the fact finder to weigh the allegations of fabrication or
undue influence. See Tex. R. Evid. 801(e)(1)(b); McDuff v. State, 939 S.W.2d 607, 619
(Tex.Crim.App. 1997). Failure of trial counsel to object to evidence that was admissible
does not constitute ineffective assistance of counsel. Lee v. State, 29 S.W.3d 570, 579-80
(Tex.App.-Dallas 2000, no pet.). Accordingly, we overrule appellant's third and fourth
allegations of ineffective assistance of counsel.

 Having reviewed all of appellant's individual claims of ineffective assistance of
counsel and having determined that appellant has failed to show that counsel's
performance fell below an objective standard of reasonableness, appellant's claim of
cumulative error for ineffective assistance of counsel fails. Accordingly, we overrule
appellant's first issue.

Factual Sufficiency


 When an appellant challenges the factual sufficiency of his conviction, the reviewing
court must ultimately determine whether, considering all the evidence in a neutral light, the
jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See
Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which
the evidence may be factually insufficient. First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a reasonable
doubt. Id. Second, considering all of the evidence, both for and against the verdict, the
contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could
not have been met. Id. at 484-85. While we review the evidence in a neutral light, we
must give appropriate deference to the jury's evaluation of the evidence, resolution of any
inconsistencies, and determination of the evidence's weight and value. Johnson v. State,
23 S.W.3d 1, 8 (Tex.Crim.App. 2000). We are not allowed to substitute our judgment for
that of the jury unless the verdict is clearly wrong and manifestly unjust. Zuniga, 144
S.W.3d at 481-82.

 A neutral review of the record shows that the child's trial testimony regarding the
facts of the sexual assault was not significantly contradicted by the statements she had
previously made to the nurse rape examiner at the hospital and the child interviewer at The
Bridge, both of whom testified. The child was very specific about how the incident occurred
and what specifically transpired. However, appellant produced testimony that, if believed,
might have raised a reasonable doubt. The job of judging the credibility of conflicting
testimony is a job best suited for the jury. Johnson, 23 S.W.3d at 8. After reviewing all
of the evidence in a neutral light, we cannot say that the verdict of the jury was not
rationally justified. Zuniga, 144 S.W.3d at 484.

 As we affirm the judgment of the trial court, we will address appellant's main
argument as to how the evidence was factually insufficient to support the verdict and
explain why we do not find this argument persuasive. See Sims v. State, 99 S.W.3d 600,
603 (Tex.Crim.App. 2003). Appellant's primary factual insufficiency contention is that the
child testified that she was not sure that appellant contacted her genitals with his tongue. 
Appellant arrives at this conclusion based on one statement of the child, made during re-cross-examination, that she was "not sure" whether appellant had licked her genitals with
his tongue. 

 Appellant cites the court to Johnson and posits that in the instant case, like
Johnson, the evidence is too weak to prove an element of the State's case. Johnson, 23
S.W.3d at 11. However, the evidence in Johnson was significantly different and
significantly weaker in proving the pivotal element of the State's case, identity, than the
evidence presented in the instant case. In Johnson, the complaining witness was never
able to have an unobstructed view of her assailant and so testified. Id. at 4. Accordingly,
the reviewing court was able to glean from the appellate record the requisite evidence that
placed the element of identity in doubt. In the case before the court, we have but one
reference by the victim to not being sure about whether or not appellant placed his tongue
on her genitals. It is further noted that, upon redirect, the State elicited testimony that a
jury could have concluded eliminated any doubt about that issue. The record available to
this court does not clearly indicate a different result is appropriate and, therefore, we must
defer to the jury's determination about the weight to be given the seemingly contradictory
testimony because they are in the best position to evaluate the credibility of the witnesses
and their demeanor. Id. at 18. Therefore, we overrule appellant's second issue.

Improper Jury Argument


 Appellant next contends that during the State's argument on punishment, four
separate incidents of improper jury argument occurred that require reversal of appellant's
conviction. However, appellant never objected to any of the alleged incidents of improper
jury argument. Therefore, no error is preserved and error, if any, is waived. See Tex. R.
App. P. 33.1(a); Threadgill v. State, 146 S.W.3d 654, 670 (Tex.Crim.App. 2004). 
Accordingly, appellant's third issue is overruled.


Conclusion


 Having overruled all of appellant's issues, the judgments of the trial court are
affirmed.




 Mackey K. Hancock

 Justice




Do not publish. 

 
1. 
 " "
2. 
 "
 
 ' "
3. 
 ' 
4.