NO. 07-04-0477-CR
07-04-0478-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 15, 2005

_____

FRANCISCO PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 48,512-A, 48,513-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

On September 22, 2004, appellant, Francisco Perez, was found guilty by a jury of aggravated sexual assault of a child and indecency with a child.  The punishment for each offense was enhanced by one prior felony conviction. During a trial of both offenses held simultaneously, the jury assessed punishment at 45 years confinement in the Institutional Division of the Texas Department of Criminal Justice for the offense of aggravated sexual

assault and 15 years confinement for the offense of indecency with a child. Appellant filed notice of appeal in both cases. We affirm.

Appellant presents three issues on appeal. First, appellant contends that he was denied effective assistance of counsel because the cumulative effect of trial counsel's failures to object to the admission of evidence denied appellant a fair trial. Second, appellant urges that the evidence presented was factually insufficient to support a conviction for aggravated sexual assault of a child. Finally, appellant contends that the State made several improper and inflammatory statements during jury arguments that denied him a fair trial.

## Ineffective Assistance of Counsel

In reviewing appellant's contentions of ineffective assistance of counsel, we are guided by the standard of review as set forth by the U.S. Supreme Court in Strickland and adopted by the Texas Court of Criminal Appeals in Hernandez. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). A criminal defendant has a constitutional right to effective assistance of counsel. Strickland, 466 U.S. at 686. Under the two prong test articulated in Strickland, counsel is ineffective if (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance the result of the proceeding would have been different. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003). A reasonable probability is a probability sufficient to undermine confidence in the outcome.

2

Strickland, 466 U.S. at 694. There is a strong presumption that trial counsel's performance was within the wide range of reasonable professional assistance. Id. at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992). The adequacy of the representation is judged by the totality of the representation rather than by isolated acts or omissions of counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Crim.App. 1994).

At issue is appellant's contention that trial counsel's "unexplained failures" to object on four specific occasions had the cumulative effect of denying appellant a fair trial. Each alleged instance of ineffective assistance of counsel will be reviewed in turn.

Initially, appellant contends that counsel's performance was deficient because he allowed the sexual assault nurse examiner to testify about matters beyond the physical findings of the exam. While counsel did object to the nurse's testimony going beyond the physical findings, which was sustained by the trial court, appellant contends that counsel failed to ensure that the State abided by the trial court's ruling. However, the record reflects that trial counsel did object to the question about which appellant now complains, but the trial court overruled the objection and allowed the witness to answer. On appeal appellant contends, under Texas Rule of Evidence 702[1] and cases that have evolved thereunder, the nurse's testimony was expert testimony that was intended to supplant the jury's determination of the child's truthfulness and was, therefore, inadmissible. Cohn v. State, 849 S.W.2d 817, 818 (Tex.Crim.App. 1993). Since trial counsel objected to the proposed testimony and obtained an adverse ruling by the trial court, any error in admitting

---

[1] Further references to the provisions of the Texas Rule of Evidence will be by reference to "Rule_."

the nurse's testimony was preserved for appeal. TEX. R. APP. P. 33.1; Dixon v. State, 2 S.W.3d 263, 265 (Tex.Crim.App. 1998). However, appellant does not challenge the trial court's admission of this testimony, but rather claims that counsel's performance was deficient because this testimony was admitted. By timely objecting and obtaining an adverse ruling, trial counsel preserved any error in the admission of the nurse's testimony and, therefore, we conclude that counsel's actions did not fall below an objective standard of reasonableness. See Rylander, 101 S.W.3d at 110. Accordingly, appellant's first alleged instance of ineffective assistance is overruled.

Appellant next contends that trial counsel's failure to object to the testimony of April Lemming constituted ineffective assistance of counsel. Appellant's contention is based on Lemming's testimony being received, under Rule 701, as a lay opinion.[2] According to appellant, Lemming's testimony was nothing more than speculative lay testimony regarding the truthfulness of the child victim and was, therefore, inadmissible. Fairow v. State, 943 S.W.2d 895, 901 (Tex.Crim.App. 1997).

In reviewing counsel's actions regarding Lemming's testimony, we must consider the totality of trial counsel's representation rather than focusing on isolated incidents. Garcia, 887 S.W.2d at 880. Throughout the trial, counsel pursued a defensive theory of fabrication by the child resulting from undue influence over the child. In reviewing the totality of counsel's representation it is noteworthy that, though counsel failed to object to

_____

[2] Rule 701 provides that a witness not testifying as an expert may testify in the form of opinions or inferences in situations limited to those opinions or inferences which are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness'[s] testimony or the determination of a fact in issue."

4

Lemming's testimony, counsel's cross examination of Lemming was consistent with appellant's defensive theory and can be considered trial strategy. Under the circumstances, appellant has failed to overcome the presumption that trial counsel was pursuing a sound trial strategy. See Miniel, 831 S.W.2d at 323. Accordingly, appellant's second allegation of ineffective assistance of counsel is overruled.[3]

Finally, appellant contends that counsel was ineffective because testimony regarding the child's hair loss was introduced without objection. Appellant contends that counsel should have objected to the father's and step-mother's testimony about the child's hair loss being the result of stress because the testimony was speculative, not based on any personal knowledge, and introduced to bolster the credibility of the child. Appellant's contention presumes that the hair loss testimony was offered to prove that stress from the sexual assault caused the hair loss.[4]

Again, it must be stressed that it is the totality of counsel's representation that determines whether the representation was effective. Garcia, 887 S.W.2d at 880. When viewed in the context of counsel's overall defensive theory of recent fabrication and manipulation of the victim, the testimony of hair loss, regardless of reason, becomes admissible as background to allow the fact finder to weigh the allegations of fabrication or undue influence. See TEX. R. EVID. 801(e)(1)(b); McDuff v. State, 939 S.W.2d 607, 619

---

[3] Furthermore, we have reviewed the record and conclude that, even if counsel had objected to Lemmings's testimony, the testimony was admissible under Rule 701.

[4] The State argues and the record reflects that the hair loss testimony was offered as a factual backdrop for why the father was questioning the child and as the context in which the child alleged that appellant had sexually assaulted her.

(Tex.Crim.App. 1997). Failure of trial counsel to object to evidence that was admissible does not constitute ineffective assistance of counsel. Lee v. State, 29 S.W.3d 570, 579-80 (Tex.App.–Dallas 2000, no pet.). Accordingly, we overrule appellant's third and fourth allegations of ineffective assistance of counsel.

Having reviewed all of appellant's individual claims of ineffective assistance of counsel and having determined that appellant has failed to show that counsel's performance fell below an objective standard of reasonableness, appellant's claim of cumulative error for ineffective assistance of counsel fails. Accordingly, we overrule appellant's first issue.

Factual Sufficiency

When an appellant challenges the factual sufficiency of his conviction, the reviewing court must ultimately determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. See Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). There are two ways in which the evidence may be factually insufficient. First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, considering all of the evidence, both for and against the verdict, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. Id. at 484-85. While we review the evidence in a neutral light, we must give appropriate deference to the jury's evaluation of the evidence, resolution of any inconsistencies, and determination of the evidence's weight and value. Johnson v. State,

6

23 S.W.3d 1, 8 (Tex.Crim.App. 2000). We are not allowed to substitute our judgment for that of the jury unless the verdict is clearly wrong and manifestly unjust. Zuniga, 144 S.W.3d at 481-82.

A neutral review of the record shows that the child's trial testimony regarding the facts of the sexual assault was not significantly contradicted by the statements she had previously made to the nurse rape examiner at the hospital and the child interviewer at The Bridge, both of whom testified. The child was very specific about how the incident occurred and what specifically transpired. However, appellant produced testimony that, if believed, might have raised a reasonable doubt. The job of judging the credibility of conflicting testimony is a job best suited for the jury. Johnson, 23 S.W.3d at 8. After reviewing all of the evidence in a neutral light, we cannot say that the verdict of the jury was not rationally justified. Zuniga, 144 S.W.3d at 484.

As we affirm the judgment of the trial court, we will address appellant's main argument as to how the evidence was factually insufficient to support the verdict and explain why we do not find this argument persuasive. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). Appellant's primary factual insufficiency contention is that the child testified that she was not sure that appellant contacted her genitals with his tongue. Appellant arrives at this conclusion based on one statement of the child, made during re-cross-examination, that she was "not sure" whether appellant had licked her genitals with his tongue.

Appellant cites the court to <u>Johnson</u> and posits that in the instant case, like <u>Johnson</u>, the evidence is too weak to prove an element of the State's case. <u>Johnson</u>, 23 S.W.3d at 11. However, the evidence in <u>Johnson</u> was significantly different and significantly weaker in proving the pivotal element of the State's case, identity, than the evidence presented in the instant case. In <u>Johnson</u>, the complaining witness was never able to have an unobstructed view of her assailant and so testified. <u>Id</u>. at 4. Accordingly, the reviewing court was able to glean from the appellate record the requisite evidence that placed the element of identity in doubt. In the case before the court, we have but one reference by the victim to not being sure about whether or not appellant placed his tongue on her genitals. It is further noted that, upon redirect, the State elicited testimony that a jury could have concluded eliminated any doubt about that issue. The record available to this court does not clearly indicate a different result is appropriate and, therefore, we must defer to the jury's determination about the weight to be given the seemingly contradictory testimony because they are in the best position to evaluate the credibility of the witnesses and their demeanor. <u>Id</u>. at 18. Therefore, we overrule appellant's second issue.

Improper Jury Argument

Appellant next contends that during the State's argument on punishment, four separate incidents of improper jury argument occurred that require reversal of appellant's conviction. However, appellant never objected to any of the alleged incidents of improper jury argument. Therefore, no error is preserved and error, if any, is waived. <u>See</u> TEX. R. APP. P. 33.1(a); <u>Threadgill v. State</u>, 146 S.W.3d 654, 670 (Tex.Crim.App. 2004). Accordingly, appellant's third issue is overruled.

8

Conclusion

Having overruled all of appellant's issues, the judgments of the trial court are affirmed.


Mackey K. Hancock
Justice


Do not publish.