Opinion filed September 2,
2010

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00178-CR 

                                                    __________

 

                         ISBAAL
VELASQUEZ CHAVEZ, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR33987

 



 

                                                                  O
P I N I O N

            In a
three-count indictment, Isbaal Velasquez Chavez was charged with one count of
aggravated sexual assault (Count I) and two counts of indecency with a child
(Counts II and III).  The jury acquitted appellant on the aggravated sexual
assault count and convicted him on the indecency with a child counts.  The jury
assessed punishment at fourteen years confinement and a fine of $7,000 on Count
II and at fifteen years confinement and a fine of $9,000 on Count III.  The
trial court ordered that the sentences run concurrently.  We affirm.

Background

            Count
I of the indictment alleged that, on or about May 1, 2004, appellant intentionally
and knowingly penetrated the female sexual organ of L.C., a child younger than fourteen
years old, with his finger.  Count II alleged that, on or about May 1, 2004,
appellant engaged in sexual contact with L.C. by touching a part of her genitals
with the intent to arouse and gratify his sexual desire.  Count III alleged
that, on or about January 1, 2004, appellant engaged in sexual contact with L.C.
by touching a part of her body with a part of his genitals with the intent to
arouse and gratify his sexual desire.  L.C. is appellant’s daughter.  At the
time of trial, L.C. was twelve years old.  The jury acquitted appellant of the
aggravated sexual assault charge in Count I and convicted him of the indecency
with a child charges in Counts II and III.

Issues
on Appeal

            Appellant
presents two issues for review.  In his first issue, he challenges the legal
and factual sufficiency of the evidence to support his convictions for
indecency with a child.  In his second issue, he contends that the trial court
erred in failing to grant a mistrial after the State’s expert witness, Andra K.
Chamberlain, testified that there
is about an eighty percent chance that a child will recant a sexual abuse
outcry if the child has an unsupportive mother.

Sufficiency
of the Evidence Standards of Review

            To determine if the evidence is legally sufficient, the
appellate court reviews all of the evidence in the light most favorable to the
verdict and determines whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Laster v. State, 275
S.W.3d 512, 517-18 (Tex. Crim. App. 2009); Jackson v. State, 17
S.W.3d 664, 667 (Tex. Crim. App. 2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light. Laster, 275 S.W.3d at 519; Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Then, the reviewing court determines whether the evidence
supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11.  The jury, as the finder of fact,
is the sole judge of the weight and credibility of the witnesses’ testimony.  TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art.
38.04 (Vernon 1979).

The Evidence at Trial

            Maria Chavez, L.C.’s
mother, was married to appellant.  The record shows that, in December 2006,
Maria reported to the Midland Police Department that appellant had sexually
abused L.C.  Maria told Midland Police Officer Scott Howard and Midland Police
Detective Nancy Hollingsworth that L.C. told her that appellant had sexually
abused her.  On December 23, 2006, Andra K. Chamberlain, the Program Director
for the Children’s Advocacy Center in Midland, conducted a forensic interview
of L.C.

            Chamberlain testified as
the outcry witness at trial.  Chamberlain said that L.C. told her that
appellant abused her when she was eight years old.  L.C. told Chamberlain that appellant
came into her bedroom before he left for work, pulled down her pajamas and
panties, and touched her private area with his hands.  During the forensic
interview, L.C. circled the genitalia area on an anatomical drawing of a girl
to further identify the area that appellant touched.  L.C. used dolls to
demonstrate that she was lying down and that, after appellant touched her
vaginal area, he got on top of her.  L.C. said that appellant touched her
private area with his hands on five or six occasions.  L.C. said that she did
not tell anyone about the abuse because she was afraid.

            Also on December 23,
2006, Detective Hollingsworth interviewed appellant.  Detective Hollingsworth
recorded the interview.  The State introduced a copy of the recording into
evidence, and it was played for the jury.  During the interview, appellant admitted
that he touched L.C.’s vagina with his hands.  He said that he got on top of
her.  Appellant also admitted that he touched L.C. with his penis.  He said
that he did not put his penis “inside her” but that he put it “on top” of her
vagina.  Appellant also said that Maria had known of his abuse of L.C. for about
eight months.

            Maria testified that L.C.
never told her that appellant sexually abused her.  Maria said that she and
L.C. made up the story to “get back at” appellant because “he was seeing
somebody.”  Maria testified that she told appellant to confess to L.C.’s
accusations and that, if he did not confess, CPS was going to take L.C. and
their other children away.

            On January 11, 2007,
Maria told Detective Hollingsworth that she made up the sexual abuse
allegations.  On March 6, 2007, Maria signed an affidavit of non-prosecution.  In
the affidavit, she stated that appellant “did not commit the crime.”  She also
stated, “I know this for a fact, because I twisted the situation so that my
daughter could do the accusations.”  In February 2008, Maria was charged with a
misdemeanor perjury offense in connection with making the affidavit of
non-prosecution.

            In October 2008, Maria
testified in an earlier trial of this cause that L.C. told her that appellant
abused her and that appellant admitted to her that he sexually abused L.C.  In
her present testimony in this cause, Maria said that she lied under oath when
she gave her October 2008 testimony.  She said that she gave her earlier
testimony to cooperate with the district attorney’s office.  Maria said that
the prosecutor told her that, if she cooperated, the misdemeanor charge against
her would be dropped, L.C. would not have to testify at trial, and appellant
could get probation.  Maria testified that the prosecutor told her to cooperate
and that she understood him to be telling her to lie in court.  On February 27,
2009, the misdemeanor cause against Maria was dismissed upon the State’s
motion. 

            Maria also testified
that appellant made about $70,000 a year at his job.  She said that, after
giving her October 2008 testimony, she learned that appellant could be deported
if he was convicted in this cause.

            L.C. testified that she
and Maria made up the story that appellant touched her because they were mad at
him for cheating on Maria.  Chamberlain testified that child sexual abuse
victims go through a disclosure process.  She said that, if a child who has
made an outcry of sexual abuse has an unsupportive mother, there is about an
eighty percent chance that the child will recant the outcry.

Analysis

            Appellant contends that
the evidence was legally and factually insufficient to support his convictions
in light of Maria’s and L.C.’s recantations during their trial testimony.  A
child victim’s outcry statement alone can be sufficient to sustain a conviction
for a sexual offense.  Rodriguez v. State, 819 S.W.2d 871, 873 (Tex.
Crim. App. 1991); Saldaña v. State, 287 S.W.3d 43, 60 (Tex. App.—Corpus
Christi 2008, pet ref’d); Kimberlin v. State, 877 S.W.2d 828, 831 (Tex.
App.—Fort Worth 1994, pet. ref’d).  Chamberlain’s outcry testimony and the
statements made by appellant in his recorded interview constituted sufficient
evidence to support appellant’s convictions.  While Maria and L.C. recanted
their prior statements during their testimony, it was up to the factfinder to determine
whether to believe the prior statements or the recantations.  Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); Saldaña,
287 S.W.3d at 60.  As such, the jury was free to disbelieve Maria’s and L.C.’s
recantations.  Chambers, 805 S.W.2d at 461; Saldaña, 287
S.W.3d at 60.  After reviewing all of the evidence, we find that it was legally
and factually sufficient to support appellant’s convictions.  Appellant’s first
issue is overruled.

Trial Court’s Denial of Motion for
Mistrial

            The prosecutor asked
Chamberlain how often children recant their accusations.  In response,
Chamberlain testified that there is about an eighty percent chance of
recantation if the child has an unsupportive mother.  Appellant’s counsel
objected to this testimony on the ground that it constituted “an opinion on
whether that child was telling the truth or not.”  Appellant’s counsel also
moved for a mistrial.  The trial court overruled the objection and denied the
motion for mistrial.

            We review the denial of a
motion for mistrial under an abuse of discretion standard.  Archie v. State,
221 S.W.3d 695, 699 (Tex. Crim. App. 2007); Hawkins v. State, 135 S.W.3d
72, 76-77 (Tex. Crim. App. 2004).  Expert testimony that a particular witness
is truthful is inadmissible under Tex.
R. Evid. 702.  Pavlacka v. State, 892 S.W.2d 897, 902 n.6 (Tex.
Crim. App. 1994); Yount v. State, 872 S.W.2d 706, 711 (Tex. Crim. App.
1993); Vasquez v. State, 975 S.W.2d 415, 417 (Tex. App.—Austin 1998,
pet. ref’d).  Thus, an expert witness may not offer a direct opinion on the
truthfulness of a child complainant’s allegations.  Schutz v. State, 957
S.W.2d 52, 59 (Tex. Crim. App. 1997); Yount, 872 S.W.2d at 708.  Nor may
an expert offer an opinion that the class of persons to which the complainant
belongs, such as child sexual abuse victims, is truthful or worthy of belief.  Pavlacka,
892 S.W.2d at 902 n.6; Yount, 872 S.W.2d at 712; Vasquez, 975
S.W.2d at 417.  However, expert testimony that a child exhibits behavioral
characteristics that have been empirically shown to be common among children
who have been sexually abused is relevant and admissible under Rule 702.  Yount,
872 S.W.2d at 708-09; Cohn v. State, 849 S.W.2d 817, 819 (Tex. Crim.
App. 1993); Gonzales v. State, 4 S.W.3d 406, 417 (Tex. App.—Waco
1999, no pet.); Vasquez, 975 S.W.2d at 417.  Such testimony is not
objectionable on the ground that it bolsters the credibility of the child
complainant.  Cohn, 849 S.W.2d at 820-21.

            Chamberlain did not offer
a direct opinion that L.C. was truthful in her initial outcry of sexual abuse
or that L.C. belonged to a class of persons that was truthful or worthy of
belief.  Nor did Chamberlain offer testimony that L.C. was not truthful in her
trial testimony.  Instead, Chamberlain testified about the behavioral
characteristics of children whose mothers do not support their outcries of
sexual abuse.  Maria did not support L.C.’s outcry of sexual abuse. 
Chamberlain said that, in such cases, there is about an eighty percent chance
that a child complainant will recant.  Chamberlain’s testimony was admissible
to assist the jury in assessing L.C.’s testimony.  The trial court did not
abuse its discretion in denying appellant’s motion for mistrial.  We overrule
appellant’s second issue.

This Court’s Ruling

            The judgment of the trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

September 2,
2010

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.