**Opinion filed September 29, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00135-CR
_____

## JOHNATHAN VELA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR53397**

## M E M O R A N D U M   O P I N I O N

Appellant, Johnathan Vela, was indicted for two counts of indecency with a child by contact, each a second-degree felony offense. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2019). The jury found Appellant guilty as charged in Count I of the indictment but not guilty as to Count II. Upon Appellant's conviction to the offense charged in Count I of the indictment, and because Appellant had

previously pleaded guilty to the offense of sexual assault of a child in return for a grant of deferred adjudication, the trial court sentenced Appellant to a mandatory life sentence in the Texas Department of Criminal Justice. *See* PENAL § 12.42(c)(2)(A)(i), (c)(2)(B)(ii), (g)(1).

Appellant raises a single issue on appeal. He argues that the trial court committed reversible error when it admitted the order of deferred adjudication that was entered in Appellant's previous sexual-assault-of-a-child case. Appellant's argument is two-fold. First, he contends that the trial court failed to adhere to the requirements of Article 38.37, Section 2-a(1) of the Texas Code of Criminal Procedure because it did not specifically find that "the evidence likely to be admitted at trial [would] be adequate to support a finding by the jury that [Appellant] committed the separate offense beyond a reasonable doubt." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a(1) (West Supp. 2021). Second, Appellant contends that "substantial harm" occurred when the trial court admitted into evidence the complained-of order of deferred adjudication. We modify and affirm.

## I. *Factual Background*

In the spring of 2018, Appellant was staying with his then-girlfriend and her four children, including her 15-year-old daughter, M.A. Around midnight, Appellant entered M.A.'s room while she was asleep. Appellant "shrugged" M.A.'s shoulders to wake her up, then told her that he had "broken glass in the living room" and asked her to come help him pick it up. Appellant watched M.A. as she approached the kitchen and picked up the glass—a broken beer bottle. Appellant then put his hands around her hips "and lower," and said, "[I]f [I] can't get anything from [your] mom, [I'm] going to get it from [you]." Appellant moved his hands under M.A.'s shorts and touched her vagina. M.A. pushed Appellant away, told him

to "stop," ran to the restroom, and locked the door. As a result of this encounter, Appellant was later indicted for indecency with a child by contact.

At trial, during its case-in-chief, the State presented two witnesses, M.A. and M.A.'s mother. The State also intended to offer the complained-of order of deferred adjudication as an exhibit. To determine the admissibility of this order, the trial court proceeded to an Article 38.37, Section 2-a hearing outside the presence of the jury. *See* CRIM. PROC. art. 38.37, § 2-a.

During the hearing, Appellant's trial counsel argued that, because Appellant had been placed on and successfully completed deferred adjudication community supervision for the prior sexual assault offense, the complained-of order did not constitute a "separate offense" under Article 38.37, Section 2-a(1), and therefore it should not be admitted as an exhibit. Appellant's trial counsel also argued that the State would "have to bring evidence from the detective or the investigator or whoever it was that he committed the separate offense, because a deferred adjudication is not a conviction." Finally, Appellant's trial counsel argued: "In order to show proper evidence of prior conduct, the State would have to call the investigating officer, the detective, or whoever investigated this, have that in the hearing outside the presence of the jury to convince the judge that they can prove the case beyond a reasonable doubt."

In response, the State argued that a conviction is not required to admit evidence of a "separate offense" pursuant to Article 38.37, Section 2-a(1). Instead, the State noted, for purposes of admissibility, the statute only requires a determination from the trial court that a jury could find that the defendant had *committed* the "separate offense" beyond a reasonable doubt. The State then presented testimony from M.A.'s mother and offered the order of deferred adjudication to the trial court so that it could make the necessary admissibility

determination. After the hearing concluded, but before the trial court ruled, Appellant's trial counsel stated that he had "no further argument from yesterday." The trial court then concluded that the order could be admitted. When the State offered the order immediately prior to resting its case-in-chief, Appellant's trial counsel stated that he objected "on the prior grounds I raised yesterday" but had "[n]o new objections to that."

## II. *Analysis*

To preserve a complaint for appellate review, a party must present a specific, timely objection to the trial court that articulates the specific grounds for the ruling that the complaining party sought from the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009) (citing *Cohn v. State*, 849 S.W.2d 817, 821 (Tex. Crim. App. 1993) (Campbell, J., concurring)). The purpose of requiring a specific objection "provide[s] the trial judge and opposing counsel an opportunity to address and, if necessary, correct the purported error." *Ford*, 305 S.W.3d at 533 (citing *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005)). Moreover, "the point of error [raised on appeal] must correspond to the objection made at trial." *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

The threshold issue before us is whether Appellant preserved for appellate review the complaints he now asserts. Appellant argues that the trial court failed to comply with the requirements of Article 38.37, Section 2-a(1) because it did not issue a specific finding on the record after the hearing outside the jury's presence had concluded. In addition, Appellant argues that the trial court improperly admitted the complained-of order because Appellant was not shown to be the same person named in the order. The State asserts that Appellant did not preserve his complaints for our review. We agree with the State.

4

As discussed above, to preserve a complaint for appellate review, a party must assert a specific, contemporaneous objection to the challenged evidence at the time the evidence is offered for admission. *Burg*, 592 S.W.3d at 448–49. Here, Appellant's trial counsel did not preserve for our review the arguments that Appellant now asserts on appeal. Appellant's trial counsel did not object to the specificity of the trial court's finding during the Article 38.37, Section 2-a(1) hearing. Instead, Appellant's trial counsel stated that he objected "on the prior grounds I raised yesterday" and specifically stated that he had "[n]o new objections to that."

Further, the point of error raised on appeal must correspond to the objection made at trial. *Broxton*, 909 S.W.2d at 918. In this case, Appellant's trial counsel did not object to the complained-of order's admissibility based on the argument that Appellant now urges on appeal—that the State did not sufficiently link Appellant to the complained-of order or to the offense referenced in it. Here, the only objection asserted by Appellant's trial counsel to the admission of the complained-of order was that the order did not constitute a "separate offense" under the statute because it did not constitute a conviction. As we have said, an objection asserted at trial on one ground cannot support a different contention on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Accordingly, Appellant failed to preserve his complaints on appeal for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

Nevertheless, even assuming that Appellant's complaints had been preserved for our review, any purported error was cured when Appellant's trial counsel confirmed during the Article 38.37, Section 2-a(1) hearing, and when Appellant admitted during his trial testimony, that he and the person referred to in the

complained-of order were the same—the order was linked to Appellant.[1]  *See Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007) (the State may prove the existence and the defendant's link to a prior conviction through the defendant's admission); *Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986) (same); *see also Singleton v. State*, 631 S.W.3d 213, 220–21 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (no due process violation occurred under Article 38.37, Section 2-a(1) where a prior deferred adjudication order established the defendant's plea of guilty, which negated the need for the State to provide a sponsoring witness).

Accordingly, we overrule Appellant's sole issue on appeal.

### III. *Court-Appointed Attorney's Fees*

Although not raised by Appellant, the State asserts that the trial court and the district clerk erroneously assessed court-appointed attorney's fees against Appellant. We agree.

An indigent defendant cannot be taxed the cost of services rendered by his court-appointed attorney unless the trial court finds that the defendant has the financial resources to repay those costs in whole or in part.  *Smith v. State*, 631 S.W.3d 484, 501 (Tex. App.—Eastland 2021, no pet.) (citing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)); *see* CRIM. PROC. art. 26.05(g).  The Texas Court of Criminal Appeals has held that the trial court must find that the defendant had the ability to repay court-appointed attorney's fees prior to assessing such fees against an indigent defendant.  *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *see also Mayer*, 309 S.W.3d at 556 ("[T]he defendant's financial

---

[1]Additionally, Appellant does not present any authority that a trial court is required to make a specific finding on the record once it makes its admissibility determination under Article 38.37, Section 2-a(1). *See Gutierrez v. State*, No. 01-19-00718-CR, 2021 WL 2931358, at *4 (Tex. App.—Houston [1st Dist.] 2021, pet. ref'd) (mem. op., not designated for publication) ("[Appellant] has not identified, nor could we find, any authority indicating that the trial court must hear detailed testimony or announce its finding [under Article 38.37, Section 2-a(1)] in a particular format.").

resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees."). Further, a "defendant who is determined by the [trial] court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Cates*, 402 S.W.3d at 251 (quoting CRIM. PROC. art. 26.04(p)).

On August 30, 2019, Appellant filed an affidavit of indigence certifying that he did not have the necessary funds to hire an attorney for his defense for the instant case. The trial court determined that Appellant was indigent and appointed trial counsel to represent Appellant's interest in all proceedings in this case. Subsequent to this appointment, the trial court did not receive evidence, nor did it issue a finding, that Appellant had the ability to pay any portion of the attorney's fees that were incurred by his court-appointed attorney. Moreover, nothing in the record indicates that (1) Appellant is no longer indigent or (2) the trial court made a subsequent determination that Appellant's financial circumstances had materially changed or that he had the financial resources or ability to pay the court-appointed attorney's fees of $7,650 that were assessed against him. Because the trial court's judgment ordered Appellant to pay "all costs" and the district clerk improperly assessed the attorney's fees incurred by his court-appointed attorney as costs against Appellant, we must modify the trial court's judgment and the district clerk's amended bill of costs to remove the improperly assessed fees. *See Cates*, 402 S.W.3d at 252; *Smith*, 631 S.W.3d at 501.

Here, the trial court's judgment erroneously orders Appellant to pay "all costs in this proceeding incurred" including "all court costs, fines, fees, assessments and restitution." Similarly, the district clerk's amended bill of costs erroneously includes court-appointed attorney's fees as reimbursement costs for which Appellant is

7

responsible. Accordingly, we modify (1) the trial court's judgment to clarify that "all court costs, fines, fees, assessments and restitution" does not include court-appointed attorney's fees and (2) the district clerk's amended bill of costs to delete the court-appointed attorney's fees assessed against Appellant.

## IV. *This Court's Ruling*

As modified, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(b).


W. STACY TROTTER

JUSTICE


September 29, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

8